■ WILLIAM E. KIRKBY et al., Plaintiffs, v CHAUTAUQUA INSTITUTION, INCORPORATED, Defendant and Third-Party Plaintiff-Appellant. IDEAL COATINGS, INC., Third-Party Defendant-Respondent.—Order insofar as appealed from unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff, a painter employed by third-party defendant, was injured in a fall from a scaffold while engaged in painting a theater owned by defendant and third-party plaintiff, Chautauqua. Plaintiff was granted summary judgment on his cause of action against defendant pursuant to

Labor Law § 240 (1). Supreme Court erred by denying the motion of defendant and third-party plaintiff for summary judgment imposing liability over against third-party defendant, plaintiff's employer, Ideal, on the basis of common-law indemnification. Chautauqua submitted proof that Ideal "controlled and directed the performance of plaintiff's work and failed to protect its own employee from the foreseeable risks of the accident which occurred" *(Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957, 959). Because Ideal failed to submit proof in admissible form from which it could be determined that Chautauqua's liability to plaintiff was anything but vicarious, Chautauqua's motion for common-law indemnification from Ideal should have been granted *(see, Schwalm v County of Monroe,* 158 AD2d 994; *see generally, Kelly v Diesel Constr. Div.,* 35 NY2d 1, 5-7). (Appeal from Order of Supreme Court, Chautauqua County, Ricotta, J.—Partial Summary Judgment.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.