■ Clayton Mackey, Respondent, v Beacon City School District et al., Defendants and Third-Party Plaintiffs-

Respondents. RAYMOND J. McGOWAN, Third-Party Defendant-Appellant. [628 NYS2d 771] —In an action to recover damages for personal injuries, Raymond J. McGowan appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Hillery, J.), dated May 5, 1994, as granted the plaintiff's motion for partial summary judgment on the issue of liability against the defendants and granted the motion of the defendants for summary judgment on the issue of indemnity against him.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was injured when his ladder collapsed and he fell to the floor while painting the window trim in a classroom owned by the defendant Beacon City School District (hereinafter the school district) as part of a renovation project. His motion for partial summary judgment pursuant to Labor Law § 240 (1) against the school district, the general contractor, and the defendant Beesmer Construction Company (hereinafter Beesmer), was properly granted (see, Rocovich v Consolidated Edison Co., 78 NY2d 509; Halkias v Hamburg Cent. School Dist., 186 AD2d 1040; D'Amico v Manufacturers Hanover Trust Co., 177 AD2d 441).

The motion of the defendants for summary judgment on the issue of indemnification against the plaintiff's employer, Raymond J. McGowan, was also properly granted. An owner or general contractor held liable to an injured subcontractor's employee under Labor Law § 240 is entitled to full common-law indemnification from a subcontractor whose negligence was the sole cause of the worker's injuries (see, McNair v Morris Ave. Assocs., 203 AD2d 433). The record indicates that McGowan owned and maintained the ladder which collapsed, and that neither the school district nor Beesmer had any control over the painting work that contributed to the conditions causing the accident. McGowan has failed to submit proof in admissible form from which it could be determined that the defendants' liability to the plaintiff was anything but vicarious (see, Richardson v Matarese, 206 AD2d 354; Kirkby v Chautauqua Inst., 178 AD2d 929). Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.