■ GERARD SMITH et al., Plaintiffs, v ANGELO FLORI et al., Defendants and Third-Party Plaintiffs-Appellants. JOSEPH FACCHIN, INC., Third-Party Defendant-Respondent. [633 NYS2d 67] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated February 17, 1994, as denied their motion for summary judgment against the third-party defendant.

Ordered that the order is reversed insofar as appealed from, on the law, with costs.

The plaintiff Gerard Smith was seriously injured when he fell through a skylight opening on the roof of a building under construction in Flushing, Queens. Shortly after the accident, Smith and his wife commenced this action against Angelo Flori, Daniel Flori, and Seasons Fuel Oil Corp. (hereinafter the defendants), the owners of the building, alleging causes of action sounding in negligence and violations of Labor Law §§ 200, 240, and 241.

The defendants commenced a third-party action for indemnification against Smith's employer, Joseph Facchin, Inc. (hereinafter Facchin). Facchin subsequently agreed to pay the plaintiffs $2,250,000 to settle their claims attributable to Facchin's fault in the happening of the accident, and the plaintiffs' action continued against the defendants. Thereafter, the defendants moved for summary judgment against Facchin, contending that as property owners, they are only vicariously liable for Smith's injuries and that they are entitled to indemnification from Facchin, the negligent party. The Supreme Court denied the defendants' motion, concluding that there is an issue of fact regarding whether the defendants exercised supervisory control over the construction project.

On appeal, the defendants contend that the Supreme Court erred by denying their motion because the record establishes that they did not supervise or control the roofing work at the construction site. We agree. In opposition to the defendant's motion for summary judgment, the plaintiffs submitted evidence that the defendants regularly visited the construction site to check the progress of the work and that employees of the corporate defendant delivered some materials to the site and performed some construction-related tasks under Facchin's direction. However, the record is devoid of any evidence that the defendants controlled or supervised the construction procedures or the safety measures that Facchin employed in erecting the roof. Indeed, to the contrary, the parties' admissions establish that Facchin hired Smith to perform the roofing work and that Facchin's president directed and controlled Smith's work. Under these circumstances, the defendants are entitled to indemnification from Facchin whose negligence was the sole cause of Smith's injuries (*see, Mackey v Beacon City School Dist.,* 216 AD2d 534; *Dumoulin v Oval Wood Dish Corp.,* 211 AD2d 883; *Richardson v Matarese,* 206 AD2d 354; *McNair v Morris Ave. Assocs.,* 203 AD2d 433; *Damon v Starkweather,* 185 AD2d 633). Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.