■ THOMAS COLLINS et al., Appellants, v POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. [664 NYS2d 460] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), entered August 14, 1996, which denied their motion for partial summary judgment against the defendants on the issue of liability with respect to the cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs payable by the defendant Bartlett Nuclear Services, Inc., and the plaintiffs' motion is granted.

The injured plaintiff, having established that his injuries were caused by the defendants' failure to furnish safety devices to prevent him from being struck by objects falling from an elevated worksite, set forth a prima facie case under Labor Law § 240 (1) (see, *Zimmer v Chemung County Performing Arts,* 65 NY2d 513). We find no discrepancies between the injured plaintiff's account of the accident at his deposition and his account in his affidavit in support of the motion (cf., *Doo Won Choi v B.H.N.V. Realty Corp.,* 240 AD2d 619). Moreover, the plaintiff's description of the incident is consistent with the account of the accident in an accident report and minutes of a meeting where the circumstances of the accident were reviewed. That report and those minutes were prepared by the defendant Bartlett Nuclear Services, Inc. Since the injured plaintiff's account of the accident is uncontroverted, the plaintiffs are entitled to partial summary judgment on the is-

sue of liability with respect to the cause of action pursuant to Labor Law § 240 (1) (*see, Masiello v. Belcastro,* 237 AD2d 335). Copertino, J. P., Friedmann, Krausman and Goldstein, JJ., concur.