■ KEVIN LoBASSO et al., Respondents, v NYNEX et al., Appellants, et al., Defendant and Third-Party Plaintiff. POWERHOUSE SHEET METAL COMPANY, INC., Third-Party Defendant-Respondent. [665 NYS2d 945] —In an action to recover damages for personal injuries, etc., based upon, *inter alia,* violations of Labor Law § 240 (1), the defendant Monarch Construction Corp. appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (Golar, J.), dated September 5, 1996, which, *inter alia,* denied its cross motion for partial summary judgment on its claims for common-law indemnification asserted against the third-party defendant Powerhouse Sheet Metal Company, Inc., and the defendant NYNEX separately appeals from so much of the same order as denied that branch of its cross motion which was for partial summary judgment on the issue of liability on its claim for common-law indemnification against Powerhouse Sheet Metal Company, Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

An owner or general contractor held vicariously liable under Labor Law § 240 is entitled to full common-law indemnification from an actively negligent subcontractor provided that the owner or general contractor did not direct, control, or supervise the subcontractor's work (*see generally, Dawson v Pavarini Constr. Co.,* 228 AD2d 466).

Here, however, questions of fact exist as to the defendants NYNEX's and Monarch Construction Corp.'s (hereinafter Monarch) control and/or supervision over safety measures employed by the third-party defendant Powerhouse Sheet Metal Company, Inc. (*cf., Fusaro v Sunnydale Estates,* 221 AD2d 414; *McNair v Morris Ave. Assocs.,* 203 AD2d 433, 435; *Richardson v Matarese,* 206 AD2d 354).

The remaining contentions by Monarch, are improperly raised for the first time on appeal or are without merit. Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.