■ GREGG MARTIN, Respondent, v RON PAISNER et al., Defendants and Third-Party Plaintiffs-Appellants. GARAY CONSTRUCTION, INC., Third-Party Defendant-Respondent. [677 NYS2d 628] —In an action to recover damages for personal injuries, (1) the defendants third-party plaintiffs Jonas A. Weiner and Sharon L. Weiner appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered September 4, 1996, as denied their cross motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against them, and (2) the defendants third-party plaintiffs Ron Paisner and Lizl Construction Corp. separately appeal from so much of the same order as denied their cross motion for summary judgment on their cause of action for indemnification against the third-party defendant Garay Construction, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the cross motion of the defendants third-party plaintiffs Jonas A. Weiner and Sharon L. Weiner is granted, and the complaint and all cross claims and counterclaims are dismissed insofar as asserted against them, and the cross motion of the defendants third-party plaintiffs Ron Paisner and Lizl Construction Corp. for summary judgment on their cause of action for indemnification against the third-party defendant Garay Construction, Inc., is granted.

While working on the building of a new home, the plaintiff

allegedly sustained injuries when he was struck by a girder beam, causing him to fall off a raised work platform. He commenced this action pursuant to Labor Law § 240 (1), § 241 (6), and § 200 against the homeowners and their construction manager. The homeowners brought a third-party action against the plaintiff's employer, a framing contractor. The construction manager then sought indemnification against the plaintiff's employer.

The homeowners cross-moved, *inter alia*, for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against them (a) pursuant to Labor Law § 240 (1) and § 241 (6) on the basis of the statutory exemption for owners of single-family homes who contract for but do not direct or control the work (*see*, Labor Law §§ 240, 241) and (b) pursuant to Labor Law § 200, based on their lack of supervision of the work and lack of notice of any dangerous condition on their property.

The Supreme Court incorrectly denied that branch of the homeowners' cross motion which was to dismiss the causes of action pursuant to Labor Law §§ 240 and 241 on the basis of the statutory exemption. The record indicates that "while they may have been meticulous * * * homeowners, they did not assume direction or control of the work" (*Lieberth v Walden*, 223 AD2d 978, 980). Moreover, the Supreme Court erred in denying that branch of the homeowners' cross motion which was to dismiss the causes of action pursuant to Labor Law § 200, as the alleged dangerous condition arose from the subcontractor's methods and the homeowners exercised no supervisory control over the operation (*see*, *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Lombardi v Stout*, 80 NY2d 290, 295).

With regard to the third-party action, the Supreme Court improperly denied summary judgment on the construction manager's cause of action for indemnification. The record does not support the subcontractor's claim that the construction manager directed or controlled the method of installing the girder beam (*see, e.g., LoBasso v NYNEX*, 245 AD2d 273; *Canka v Coalition for the Homeless*, 240 AD2d 355; *Lillis v City of New York*, 226 AD2d 592; *see also, Duda v Rouse Constr. Corp.*, 32 NY2d 405, 409). Furthermore, the provisions of the agreement between the homeowners and the construction manager, whereby the construction manager assumed general supervisory authority over the project, including authority to review all safety programs, are insufficient in themselves to justify holding the construction manager liable for the accident (*see, Enderlin v Hebert Indus. Insulation*, 224 AD2d 1020; *Smith v*

*Flori*, 220 AD2d 657; *Buccini v 1568 Broadway Assocs.*, 250 AD2d 466; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506). O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.