■ .ALSTON POPE et al., Respondents, v SUPREME-K.R.W. CONSTRUCTION CORP. et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, and J.S.C. DYNAMIC ENTERPRISES, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. EDGAR SNAGG, Tried as GILCO, INC., Third-Party Defendant. [690 NYS2d 632] —In an action to recover damages for personal injuries, etc., the defendant second third-party plaintiff J.S.C. Dynamic Enterprises, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated May 1, 1998, as granted those branches of the motion of the defendants third-party plaintiffs Supreme-K.R.W. Construction Corp. and K.R.W. & Supreme Enterprises, Inc., which were for summary judgment against J.S.C. Dynamic Enterprises, Inc., on their cross claims for common-law and contractual indemnity, and Supreme-K.R.W. Construction Corp. and K.R.W. & Supreme Enterprises, Inc., cross-appeal from so much of the order as (1) denied that branch of their motion which was for summary judgment against J.S.C. Dynamic Enterprises, Inc., on their cross claim to be indemnified for attorney's fees, expenses, costs, and disbursements, and (2) granted the plaintiffs' motion for summary judgment on liability on their cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the motion of Supreme-K.R.W. Construction Corp. and K.R.W. & Supreme Enterprises, Inc., which was for summary judgment against J.S.C. Dynamic Enterprises, Inc., on their cross claim to be indemnified for attorney's fees, expenses, costs, and disbursements, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Alston Pope (hereinafter the plaintiff) was allegedly injured while working as a carpenter on a renovation project on a three-story building in Brooklyn. The plaintiff was struck on the head by a beam being installed in the floor one level above the level on which he was working. The plaintiff

and a co-worker were cutting and then handing the beams up to two co-workers on ladders who were putting the beams in place. At the time, the owner of the building was the defendant third-party plaintiff K.R.W. & Supreme Enterprises, Inc. (hereinafter K.R.W.). The construction manager general contractor for the project was the defendant third-party plaintiff Supreme-K.R.W. Construction Corp. (hereinafter Supreme). Supreme entered into a contract with the defendant second third-party plaintiff J.S.C. Dynamic Enterprises, Inc. (hereinafter Dynamic) to perform the work at issue. Dynamic in turn subcontracted the work to the third-party defendant second third-party defendant Edgar Snagg, t/a Gilco, Inc. (hereinafter Gilco). The plaintiff was an employee of Gilco.

The plaintiffs commenced this action against Supreme, K.R.W., and Dynamic, alleging damages arising from a violation of Labor Law § 240 (1). After issue was joined, the plaintiffs moved for summary judgment as to liability. K.R.W. and Supreme cross-moved for summary judgment against Dynamic on their cross claims for both contractual and common-law indemnity. In the order appealed from, the Supreme Court, *inter alia*, granted the plaintiffs' motion, and granted the cross motion of K.R.W. and Supreme, except insofar as the cross motion sought indemnity for attorney's fees, expenses, costs, and disbursements. We modify.

Contrary to the arguments of K.R.W. and Supreme, the alleged injuries at issue arose from a elevation-related risk within the meaning of Labor Law § 240 (1). There was a significant risk inherent in the task assigned the plaintiff due to the relative elevation between the level at which the plaintiff was working and the level at which the beams were being hoisted and secured which was sufficient to warrant the use of the type of protective devices enumerated in the statute (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Sog v G.S.E. Dynamics,* 239 AD2d 489). Thus, the court did not err in granting the plaintiffs summary judgment as to liability on their Labor Law § 240 (1) cause of action.

However, the court erred in denying that branch of the motion of K.R.W. and Supreme which was for summary judgment against Dynamic on their cross claim to be indemnified for attorney's fees, expenses, costs, and disbursements. Pursuant to the contract between Supreme and Dynamic, Dynamic agreed to defend and indemnify Supreme and K.R.W. for any claims arising out of work performed pursuant to the contract, whether performed by Dynamic or a subcontractor of Dynamic.

Further, contrary to the arguments of Dynamic on appeal, the plain and unambiguous terms of the contract do not condition Dynamic's duty to defend and indemnify K.R.W. and Supreme on findings that Dynamic was negligent and that such negligence was a proximate cause of the injuries at issue (*see, Martin v Paisner*, 253 AD2d 796). In any event, Dynamic failed to raise a triable issue of fact as to the liability of K.R.W. or Supreme for the injuries alleged, other than on a theory of vicarious liability as the owner of the building and general contractor on the project respectively. Accordingly, K.R.W. and Supreme are entitled to common-law indemnification from Dynamic, which would include attorney's fees, expenses, costs, and disbursements (*see, Chapel v Mitchell*, 84 NY2d 345; *Eccleston v Berakha*, 233 AD2d 417; *Mackey v Beacon City School Dist.*, 216 AD2d 534; *Richardson v Matarese*, 206 AD2d 354). S. Miller, J. P., Ritter, Altman and H. Miller, JJ., concur.