■ WALDEMAR KRAWCZYK et al., Plaintiffs, v SHULEM EHRENFELD et al., Defendants and Third-Party Plaintiffs, and

PAZ MAST CONSTRUCTION, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. KANFER GENERAL CONTRACTING, INC., Third-Party Defendant-Appellant-Respondent; ROTH METAL & GLASS WORKS, INC., Third-Party Defendant-Respondent. (And Other Titles.) [715 NYS2d 728] —In an action to recover damages for personal injuries, etc., the second third-party defendant Kanfer General Contracting, Inc., appeals from so much of an order of the Supreme Court, Kings County (R. Rivera, J.), dated October 22, 1999, as denied its cross motion for summary judgment dismissing the second third-party complaint and all cross claims insofar as asserted against it, and the defendant third-party plaintiff and second third-party plaintiff Paz Mast Construction, Inc., d/b/a Master Paz Construction, Inc., cross-appeals, as limited by its notice of cross appeal and brief, from so much of the same order as denied its cross motion for conditional summary judgment on the issue of common-law indemnification against the third-party defendant Roth Metal & Glass Works, Inc.

Ordered that the order is reversed insofar as appealed and cross-appealed from, without costs or disbursements, the respective cross motions of Kanfer General Contracting, Inc., and Paz Mast Construction, Inc., are granted, and the second third-party complaint and all cross claims insofar as asserted against Kanfer General Contracting, Inc., are dismissed.

Where a general contractor is held liable to an injured subcontractor's employee under Labor Law § 240, and it has not directed, supervised, or controlled his work, it "is entitled to full common-law indemnification from a subcontractor whose negligence was the sole cause of the worker's injuries" (*Mackey v Beacon City School Dist.*, 216 AD2d 534, 535; *see, Werner v East Meadow Union Free School Dist.*, 245 AD2d 367, 368). Here, on its cross motion for summary judgment dismissing the second third-party complaint and all cross claims insofar as asserted against it, Kanfer General Contracting, Inc. (hereinafter Kanfer), which was a subcontractor at the construction site, satisfied its burden by demonstrating its prima facie entitlement to judgment as a matter of law. Since Paz Mast Construction, Inc. (hereinafter Paz Mast), which was the general contractor at the site, failed to raise a triable issue of fact in response, Kanfer's cross motion should have been granted (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320).

On its cross motion for conditional summary judgment on the issue of common-law indemnification over Roth Metal & Glass Works, Inc. (hereinafter Roth), which was the subcontractor that employed the injured plaintiff, Paz Mast met its burden

by demonstrating its prima facie entitlement to judgment as a matter of law. Since Roth failed to raise a triable issue of fact in response, the cross motion of Paz Mast should also have been granted (*see, Alvarez v Prospect Hosp., supra,* at 324). Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.