■ DARRYL TKACH, Respondent-Appellant, v CITY OF NEW YORK et al., Defendants, T & R ALARM SYSTEMS et al., Respondents, and SPACE MASTER INTERNATIONAL, Appellant-Respondent. (And a Third-Party Action.) [717 NYS2d 290] —In an action to recover damages for personal injuries, (1) the defendant Space Master International appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated September 13, 1999, as (a) granted

that branch of the plaintiff's cross motion which was for summary judgment against it on the issue of liability on the cause of action based on Labor Law § 240 (1), (b) denied that branch of its cross motion which was for summary judgment dismissing the cause of action based on Labor Law § 240 (1) insofar as asserted against it, (c) denied that branch of its cross motion which was for summary judgment on its cross claim for contractual indemnification against the defendant T & R Alarm Systems, (d) granted that branch of the cross motion of the defendant T & R Alarm Systems which was for summary judgment dismissing that cross claim, and (e) failed to determine that branch of its cross motion which was for summary judgment dismissing the plaintiff's causes of action based on common-law negligence insofar as asserted against it, and (2) the plaintiff cross-appeals, as limited by his brief, from so much of the same order as (a) denied that branch of his cross motion which was for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1) insofar as asserted against the defendant Royal Construction and Roofing, Inc., and (b) granted those branches of the respective cross motions of Space Master International and T & R Alarm Systems which were for summary judgment dismissing his cause of action based on Labor Law § 200 insofar as asserted against them.

Ordered that the appeal from so much of the order as failed to determine that branch of the cross motion of the defendant Space Master International which was for summary judgment dismissing the plaintiff's causes of action based on common-law negligence insofar as asserted against it is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the cross motion of the defendant Space Master International which was for summary judgment on its cross claim for contractual indemnification against T & R Alarm Systems and substituting a provision therefor granting that branch of the cross motion, and (2) deleting the provision thereof granting that branch of the cross motion of T & R Alarm Systems which was for summary judgment dismissing the cross claim of the defendant Space Master International for contractual indemnification insofar as asserted against it and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court did not determine the branch of the cross

motion of the defendant Space Master International (hereinafter Space Master) which was for summary judgment dismissing the plaintiff's causes of action based on negligence insofar as asserted against it. Accordingly, the appeal from so much of the order as failed to render a determination on that branch of the cross motion must be dismissed, as that branch of the cross motion remains pending and undecided (*see, Katz v Katz,* 68 AD2d 536).

Contrary to the contention of Space Master, the Supreme Court properly determined that the plaintiff's injury, which was caused by an inadequately secured object that fell from a height, was covered by Labor Law 240 (1) (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *see also, Collins v Power Auth.,* 244 AD2d 520; *Fitzgibbons v Olympia & York Battery Park Co.,* 182 AD2d 1069). Space Master, the general contractor, failed to raise an issue of fact that the provisions of Labor Law § 240 (1) did not apply to the subject accident. Therefore, the Supreme Court properly granted partial summary judgment to the plaintiff on the issue of liability on the cause of action based on Labor Law § 240 (1) (*see, Collins v Power Auth., supra*). However, the Supreme Court erred in denying that branch of Space Master's cross motion which was for summary judgment on its cross claim for contractual indemnification against the defendant T & R Alarm Systems (hereinafter T & R). A reading of the subcontract between T & R, as a subcontractor, and Space Master reveals two separate and distinct indemnification provisions. The Supreme Court interpreted only the first such provision. The second provision, clause 18, of that subcontract provides for broad indemnity coverage by T & R to Space Master. T & R agreed to indemnify, defend, and hold harmless Space Master and its agents and employees "from and against any and all demands, claims, suits, causes of action, damages, losses, penalties and/or expenses, including court costs and attorneys' fees, arising out of or resulting from [T & R's] performance of the [w]ork required by th[e] [a]greement." Since the plaintiff's injury arose out of or resulted from T & R's performance of its work, the Supreme Court should have granted that branch of Space Master's cross motion which was for summary judgment on its cross claim for contractual indemnification against T & R (*see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *Pope v Supreme-K.R.W. Constr. Corp.,* 261 AD2d 523).

Contrary to the plaintiff's contentions, the Supreme Court

properly dismissed his cause of action based on Labor Law § 200 insofar as asserted against Space Master and T & R. The plaintiff's evidentiary submissions failed to raise a triable issue of fact that Space Master or T & R had the authority to control the activity bringing about the plaintiff's injury (see, Russin v Picciano & Son, 54 NY2d 311), and had actual or constructive notice of the unsafe condition that caused the accident (see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Maggi v Innovax Methods Group Co., 250 AD2d 576; Richichi v Construction Mgt. Technologies, 244 AD2d 540; D'Antuono v Goodyear Tire & Rubber Co. Chem. Div., 231 AD2d 955).

The parties' remaining contentions are without merit. Bracken, J. P., Thompson, Sullivan and McGinity, JJ., concur.