■ WLADYSLAW LESISZ, Respondent, v SALVATION ARMY et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. JO RICH CONSERVATION CO., INC., Third-Party Defendant-Respondent-Appellant. [837 NYS2d 238]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated June 9, 2006, as granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1) and denied that branch of their cross motion which was for summary judgment on their third-party cause of action for contractual indemnification, and the third-party defendant cross-appeals from so much of the same order as granted the plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment on their third-party cause of action for contractual indemnification and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff was injured when he fell from a ladder while working on a building owned by the defendant third-party plaintiff Salvation Army. The defendant third-party plaintiff United Construction Weatherproofing Co., Inc. (hereinafter United), was retained by the Salvation Army as the general contractor to replace the roof at the subject building. United retained the third-party defendant Jo Rich Conservation Co., Inc. (hereinafter Jo Rich), as a subcontractor on the project. The plaintiff was an employee of Jo Rich.

The Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of

action pursuant to Labor Law § 240 (1). The plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that he fell while descending an unsecured ladder which slipped out from under him (*see Guzman v Gumley-Haft, Inc.*, 274 AD2d 555, 556 [2000]; *Madden v Trustees of Duryea Presbyt. Church*, 210 AD2d 382 [1994]; *Bryan v City of New York*, 206 AD2d 448, 449 [1994]; *MacNair v Salamon*, 199 AD2d 170, 171 [1993]). In opposition, the Salvation Army, United, and Jo Rich failed to raise a triable issue of fact as to whether the plaintiff's own actions were the sole proximate cause of the accident (*see Hart v Turner Constr. Co.*, 30 AD3d 213 [2006]; *Boe v Gammarati*, 26 AD3d 351, 351-352 [2006]; *Guzman v Gumley-Haft, Inc., supra*).

However, the Supreme Court improperly denied that branch of the cross motion of the Salvation Army and United which was for summary judgment on their third-party cause of action for contractual indemnification. Contrary to Jo Rich's contention, the indemnification agreement at issue here is not void and unenforceable. Although an indemnification agreement that purports to indemnify a party for its own negligence is void under General Obligations Law § 5-322.1, such an agreement does not violate the General Obligations Law if it authorizes indemnification "to the fullest extent permitted by law," as the subject agreement does here (*Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641, 643 [2006]; *see Bink v F.C. Queens Place Assoc., LLC*, 27 AD3d 408 [2006]).

Furthermore, an indemnification clause that purports to indemnify a party for its own negligence may be enforced where the party to be indemnified is found to be free of any negligence (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]; *Cabrera v Board of Educ. of City of N.Y., supra*; *Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr.*, 23 AD3d 508 [2005]) and its liability is merely imputed or vicarious (*see Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918 [2000]). Here, the Supreme Court granted those branches of the cross motion of the Salvation Army and United which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them. The plaintiff has not taken an appeal from that portion of the order. As such, the only causes of action remaining against the Salvation Army and United are those predicated on violations of Labor Law § 240 (1) and § 241 (6), which are not based on any active negligence on the part of those defendants.

" '[T]he right to contractual indemnification depends upon the specific language of the contract' " (*Kader v City of N.Y.,*

*Hous. Preserv. & Dev.*, 16 AD3d 461, 463 [2005], quoting *Gillmore v Duke/Fluor Daniel*, 221 AD2d 938, 939 [1995]). The indemnification provision at issue here requires Jo Rich to indemnify the Salvation Army and United for "any actual or alleged . . . [a]ct or omission of the Subcontractor" or "[v]iolation of any statutory duty or regulation or obligation arising out of Subcontractor's performance or lack of performance of work for Contractor." Since the plaintiff's injury arose out of or resulted from Jo Rich's performance of its work for United, the Supreme Court should have granted that branch of the cross motion of the Salvation Army and United which was for summary judgment on their third-party cause of action for contractual indemnification (*see Brown v Two Exch. Plaza Partners, supra; Tkach v City of New York*, 278 AD2d 227, 229 [2000]; *Pope v Supreme-K.R.W. Constr. Corp.*, 261 AD2d 523 [1999]).

To the extent that Jo Rich raises issues with respect to its cross motion for summary judgment dismissing the complaint, we do not reach those issues because the Supreme Court failed to determine that cross motion, which remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]). Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.