◼ MATTHEW GIANGARRA, Plaintiff, v PAV-LAK CONTRACTING, INC., Appellant-Respondent, and B & J WELDING AND IRONWORKS, Respondent-Appellant. (And a Third-Party Action.) [866 NYS2d 332]—

In an action to recover damages for personal injuries, the defendant Pav-Lak Contracting, Inc., appeals, as limited by its brief and by letter dated August 21, 2008, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered September 28, 2007, as denied that branch of its cross motion which was for summary judgment on its cross claim for contractual indemnification against the defendant B & J Welding and Ironworks, now known as Mid Island Steel Corp., and the defendant B & J Welding and Ironworks, now known as Mid Island Steel Corp., cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the cross motion of the defendant Pav-Lak Contracting, Inc., which was for

summary judgment dismissing the plaintiff's Labor Law § 200 cause of action insofar as asserted against it and, in effect, granted that branch of the cross motion which was for summary judgment dismissing the plaintiff's common-law negligence cause of action insofar as asserted against it.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the defendant B & J Welding and Ironworks, now known as Mid Island Steel Corp., is not aggrieved by the portion of the order cross-appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable to the defendant Pav-Lak Contracting, Inc., by the defendant B & J Welding and Ironworks, now known as Mid Island Steel Corp., and that branch of the cross motion of the defendant Pav-Lak Contracting, Inc., which was for summary judgment on its cross claim for contractual indemnification against the defendant B & J Welding and Ironworks, now known as Mid Island Steel Corp., is granted.

On September 17, 2004, the plaintiff allegedly sustained injuries by tripping over a piece of wood while performing steel work for a construction project located at the Commack Middle School in Commack. The defendant Pav-Lak Contracting, Inc. (hereinafter Pav-Lak), was the general contractor and the defendant B & J Welding and Ironworks, now known as Mid Island Steel Corp. (hereinafter B & J), was the subcontractor retained by Pav-Lak to fabricate and erect steel for the project. At the time of the accident, the plaintiff was employed by Ranger Steel Corp. (hereinafter Ranger), which was retained by B & J to erect and install steel for the project.

The plaintiff commenced this action against Pav-Lak and B & J alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241 (6). Pav-Lak and B & J cross-claimed against each other for contribution and/or indemnification. Thereafter, the Supreme Court, inter alia, denied that branch of Pav-Lak's cross motion which was for summary judgment on its cross claim for contractual indemnification against B & J.

The Supreme Court should have granted that branch of Pav-Lak's cross motion which was for summary judgment on its cross claim for contractual indemnification against B & J. Contrary to the Supreme Court's determination, the indemnification agreement at issue here is not void and unenforceable. Although, as argued by B & J, an indemnification agreement that purports to indemnify a party for its own negligence is void under General Obligations Law § 5-322.1, such an agreement

does not violate the General Obligations Law if it authorizes indemnification "to the fullest extent permitted by law," as the subject agreement does here (*see Cabrera v Board of Educ. of City of N.Y.,* 33 AD3d 641, 643 [2006]; *Bink v F.C. Queens Place Assoc., LLC,* 27 AD3d 408, 409 [2006]). Moreover, an indemnification clause is enforceable where the party to be indemnified is found to be free of any negligence (*see Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 179 [1990]; *Lesisz v Salvation Army,* 40 AD3d 1050, 1051 [2007]). In support of its claim for contractual indemnification as a matter of law, Pav-Lak established, prima facie, that it did not have actual or constructive notice of the existence of the condition which allegedly caused the plaintiff to trip (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 838 [1986]; *Harvey v Morse Diesel Intl.,* 299 AD2d 451, 453 [2002]; *Canning v Barneys N. Y.,* 289 AD2d 32, 33 [2001]). In opposition, B & J failed to raise a triable issue of fact. In the absence of any showing of negligence, General Obligations Law § 5-322.1 does not bar enforcement of contractual indemnification for vicarious liability imposed under Labor Law § 241 (6) (*see Lesisz v Salvation Army,* 40 AD3d 1050 [2007]; *Biance v Columbia Washington Ventures, LLC,* 12 AD3d 926, 927 [2004]; *Fresco v 157 E. 72nd St. Condominium,* 2 AD3d 326, 328 [2003]).

Further, the contractual indemnification provision at issue requires B & J to indemnify Pav-Lak for any "claims, suits, actions, damages, losses . . . arising out of or resulting from performance of the [subcontracted] Work" that Mid Island performed to the extent "caused in whole or part by" Mid Island or "anyone directly or indirectly employed by [B & J], or anyone for whose acts they may be liable." As the record demonstrates that the plaintiff's injuries arose out of the performance of the subcontracted work, the Supreme Court should have granted that branch of Pav-Lak's cross motion which was for summary judgment on the cross claim against B & J for contractual indemnification (*see Lesisz v Salvation Army,* 40 AD3d at 1052; *Argueta v Pomona Panorama Estates, Ltd.,* 39 AD3d 785, 786 [2007]; *Tkach v City of New York,* 278 AD2d 227, 229 [2000]; *Pope v Supreme-K.R.W. Constr. Corp.,* 261 AD2d 523, 525 [1999]).

The parties' remaining contentions are without merit. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.