■ NEVILLE CROOKS, Respondent, v E. PETERS, LLC, Appellant, et al., Defendants. [875 NYS2d 521]—

In an action to recover damages for personal injuries, the defendant E. Peters, LLC, appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated October 30, 2007, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action and, in effect, denied that branch of its cross motion which was for summary judgment dismissing that cause of action, and denied that branch of its cross motion which was for summary judgment dismissing the Labor Law § 241 (6)

cause of action with respect to violations of 12 NYCRR 23-1.21 (b) (4) (iv) and (v).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when he fell from an aluminum extension ladder while securing piping to a wall of a warehouse owned by the appellant E. Peters, LLC (hereinafter Peters). The plaintiff, with the assistance of a coworker, cleaned the floor before leaning the ladder against the wall. The ladder had rubber feet which rested on the floor, but was not otherwise secured or protected against slipping or falling. The plaintiff then ascended the ladder to secure with a strap piping that he had installed the day before. According to the plaintiff, he was standing on the eighth rung of the ladder, performing work approximately 12 feet above the ground. When he drilled a hole in the wall, he felt "a slight jerk." The ladder then slid "straight down the wall to the side." When the ladder came to a rest on the floor, he was lying on top of the ladder and his right leg and knee were caught underneath it.

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law by offering evidence that the unsecured ladder that he was standing on while working slipped, causing him to fall (*see Lesisz v Salvation Army*, 40 AD3d 1050, 1051 [2007]; *Blair v Cristani*, 296 AD2d 471 [2002]). In opposition, Peters failed to raise a triable issue of fact as to whether the plaintiff's own conduct was the sole proximate cause of the accident (*see Lesisz v Salvation Army*, 40 AD3d at 1051).

The Supreme Court properly denied that branch of Peters' cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action with respect to violations of 12 NYCRR 23-1.21 (b) (4) (iv) and (v), as Peters failed to affirmatively demonstrate that those code provisions were inapplicable. Fisher, J.P., Florio, Dickerson and Belen, JJ., concur.