■ ABDUR RAZZAK, Respondent-Appellant, v NHS COMMUNITY DEVELOPMENT CORP., Respondent, and CENTRAL DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Respondent-Appellant. DAFFODIL GENERAL CONTRACTING, INC., Third-Party Defendant-Respondent. [880 NYS2d 152]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 20, 2008, as denied his motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and the defendant third-party plaintiff Central Development Corp. cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment on its third-party cause of action for contractual indemnification against the third-party defendant Daffodil General Contracting, Inc., and granted that branch of the motion of the defendant NHS Community Development Corp. which was for summary judgment on its cross claim for contractual indemnification asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff and to the third-party defendant by the defendant NHS Community Development Corp. and the defendant third-party plaintiff Central Development Corp.

The defendant NHS Community Development Corp. (hereinafter NHS) contracted with the defendant third-party plaintiff Central Development Corp. (hereinafter Central) to renovate a building owned by NHS. Central subcontracted with the plaintiff's employer, the third-party defendant Daffodil General Contracting, Inc. (hereinafter Daffodil), to perform work on the renovation.

On December 28, 2003 the plaintiff was working on a scaffold removing plaster and cement from the exterior of the building. A woman appeared on the sidewalk, and complained of debris falling onto the awning of the shop next door. In response, the plaintiff went down to the ground level, where he spoke with Central's work-site manager, who instructed him to cover the awning of the neighboring shop. The plaintiff responded that he had a plastic sheet, but would need a ladder in order to place it

on top of the awning. Central's work-site manager then led the plaintiff to a room inside the building where he showed him an A-frame ladder that he could use for that purpose. Daffodil had no supervisor at the work site at that time. As the plaintiff was standing on the ladder and trying to place the plastic sheet over the awning, the ladder suddenly moved and fell, causing the plaintiff to fall and sustain injuries.

The plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that the subject ladder failed to afford him proper protection for the work being performed, and that this failure was a proximate cause of the accident (*see Gordon v Eastern Ry. Supply,* 82 NY2d 555 [1993]; *Bland v Manocherian,* 66 NY2d 452 [1985]; *Barr v 157 5 Ave., LLC,* 60 AD3d 796 [2009]). In opposition, Central and NHS failed to raise a triable issue of fact. The Supreme Court erred in concluding that triable issues of fact were raised as to whether the plaintiff was acting within the scope of his employment at the time of his accident. Among other things, the subcontract between Central and Daffodil, pertaining to Daffodil's work on NHS's building, required Daffodil to "properly protect its work of construction by lights, barriers, supports, and guards, so as to avoid injury or damage to persons or property." At the relevant time, the plaintiff clearly was acting within the ambit of his employment (*see Andino v BFC Partners,* 303 AD2d 338 [2003]).

On its cross appeal, Central asks that we modify so much of the order as denied the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, to deny the motion on the "additional grounds" that the plaintiff's conduct was the sole proximate cause of his accident, and that he was not engaged in an activity enumerated under Labor Law § 240 (1) at the time of his accident (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]; *Rael Automatic Sprinkler Co., Inc. v Schaefer Agency,* 52 AD3d 670 [2008]). These contentions are without merit (*see Prats v Port Auth. of N.Y. & N.J.,* 100 NY2d 878 [2003]; *Barr v 157 5 Ave., LLC,* 60 AD3d 796 [2009]; *Crooks v E. Peters, LLC,* 60 AD3d 717 [2009]; *Fitzpatrick v State of New York,* 25 AD3d 755 [2006]; *Aguilar v Henry Mar. Serv., Inc.,* 12 AD3d 542 [2004]; cf. *Robinson v East Med. Ctr., LP,* 6 NY3d 550 [2006]).

The Supreme Court properly granted that branch of NHS's motion which was for summary judgment on its cross claim for contractual indemnification against Central, as NHS made a prima facie showing of entitlement to that relief and, in opposition, no triable issue of fact was raised.

The Supreme Court also properly denied that branch of Central's motion which was for summary judgment on its third-party cause of action for contractual indemnification against Daffodil. In opposition to Central's establishment of its entitlement to judgment as a matter of law, Daffodil raised triable issues of fact as to the extent, if any, of Central's liability for causing the plaintiff's injury, thereby precluding an award of summary judgment (*see Callan v Structure Tone, Inc.,* 52 AD3d 334 [2008]; *see generally Brooks v Judlau Contr., Inc.,* 11 NY3d 204 [2008]). Mastro, J.P., Miller, Chambers and Austin, JJ., concur.