RUBEN DARIO CABALLERO, Respondent-Appellant, v BENJAMIN BEECHWOOD, LLC, et al., Respondents-Appellants, and LLC CONTRACTING CORP. et al., Appellants-Respondent. (And a Third-Party Action.) [889 NYS2d 630]—

In an action to recover damages for personal injuries, etc., (1) the defendants LCC Contracting Corp. and Linden Construction

Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Cullen, J.), dated September 8, 2008, as granted that branch of the motion of the defendants Benjamin Beechwood, LLC, and Rockaway Beach Blvd. Construction Co., LLC, which was for summary judgment on the cross claim for contractual indemnification insofar as asserted against LCC Contracting Corp., denied that branch of their cross motion which was for summary judgment dismissing the cross claim for contractual indemnification insofar as asserted against them by the defendants Benjamin Beechwood, LLC, and Rockaway Beach Blvd. Construction Co., LLC, denied that branch of the motion of the defendants Benjamin Beechwood, LLC, and Rockaway Beach Blvd. Construction Co., LLC, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against those defendants, and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Benjamin Beechwood, LLC, and Rockaway Beach Blvd. Construction Co., LLC, (2) the defendants Benjamin Beechwood, LLC, and Rockaway Beach Blvd. Construction Co., LLC, cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, denied that branch of their motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, granted that branch of the cross motion of the defendants LCC Contracting Corp. and Linden Construction Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against LCC Contracting Corp., and denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant LCC Contracting Corp., and (3) the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the cross motion of the defendants LCC Contracting Corp. and Linden Construction Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against LCC Contracting Corp. and denied that branch of his cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant LCC Contracting Corp.

Ordered that the appeal by the defendant Linden Construction Corp. is dismissed, without costs or disbursements, as it is not aggrieved by the portions of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the appeal by the defendant LCC Contracting Corp. from so much of the order as denied that branch of the motion of the defendants Benjamin Beechwood, LLC, and Rockaway Beach Blvd. Construction Co., LLC, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against those defendants and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Benjamin Beechwood, LLC, and Rockaway Beach Blvd. Construction Co., LLC, is dismissed, without costs or disbursements, as it is not aggrieved by those portions of the order (*see* CPLR 5511); and it is further,

Ordered that the cross appeal by the defendants Benjamin Beechwood, LLC, and Rockaway Beach Blvd. Construction Co., LLC, from so much of the order as granted that branch of the cross motion of the defendants LCC Contracting Corp. and Linden Construction Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against LCC Contracting Corp. and denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant LCC Contracting Corp., is dismissed, without costs or disbursements, as they are not aggrieved by those portions of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff allegedly sustained injuries by falling from a scaffold while performing drywall work for a construction project located in Queens. The defendant Benjamin Beechwood, LLC (hereinafter Beechwood), was the owner, the defendant Rockaway Beach Blvd. Construction Co., LLC (hereinafter Rockaway), was the general contractor, and the defendant LCC Contracting Corp. (hereinafter LCC) was the subcontractor retained by Rockaway to perform the work. At the time of the accident, the plaintiff was employed by Scala Interior Corp., which LCC retained to do the work.

The plaintiff commenced this action against Beechwood,

Rockaway, LCC, and Linden Construction Corp. (hereinafter Linden) alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Beechwood and Rockaway cross-claimed against LCC and Linden, inter alia, for common-law and contractual indemnification.

To prevail on a claim under Labor Law § 240 (1), a plaintiff must prove that the statute was violated and that such violation was a proximate cause of the resulting injuries (see Labor Law § 240 [1]; *Sanatass v Consolidated Inv. Co., Inc.,* 10 NY3d 333, 338-339 [2008]; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]).

Here, the plaintiff established, prima facie, that Beechwood and Rockaway were subject to liability under Labor Law § 240 (1) based on his deposition testimony that a wheel of the scaffold on which he was working slipped into a hole, causing him to fall (see *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d at 287; *Kretowski v Braender Condominium,* 57 AD3d 950, 951 [2008]; *Valensisi v Greens at Half Hollow, LLC,* 33 AD3d 693, 695 [2006]). In opposition, Beechwood and Rockaway failed to raise a triable issue of fact (see *Hamilton v Kushnir Realty Co.,* 51 AD3d 864, 865 [2008]). Where, as here, a violation of Labor Law § 240 (1) is a proximate cause of an accident, the worker's conduct cannot be deemed the sole proximate cause (see *Valensisi v Greens at Half Hollow, LLC,* 33 AD3d at 696).

As the evidence established that LCC did not exercise supervisory control over the plaintiff's work or have the authority to insist that proper safety practices be followed (see *Torres v LPE Land Dev. & Constr., Inc.,* 54 AD3d 668, 669 [2008]; *Kehoe v Segal,* 272 AD2d 583, 584 [2000]), LCC was entitled to summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1).

Moreover, Beechwood and Rockaway established their prima facie entitlement to judgment as a matter of law on that branch of their motion which was for summary judgment on their cross claim for contractual indemnification insofar as asserted against LCC (see *Giangarra v Pav-Lak Contr., Inc.,* 55 AD3d 869, 870-871 [2008]). In response, LCC failed to raise a triable issue of fact (*id.*). Although "an indemnification agreement that purports to indemnify a party for its own negligence is void under General Obligations Law § 5-322.1, such an agreement does not violate the General Obligations Law if it authorizes indemnification to the fullest extent permitted by law" (*id.* at 870-871 [internal quotation marks omitted]; *Lesisz v Salvation Army,* 40 AD3d 1050, 1051 [2007]; *Cabrera v Board of Educ. of City of N.Y.,* 33 AD3d 641, 643 [2006]).

The parties' remaining contentions are without merit. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur. [*See* 2008 NY Slip Op 32713(U).]