WILLIAM N. HOPES, Plaintiff, v NEW AMSTERDAM RESTORATION GROUP, INC., Respondent, and LRL CONSTRUCTION CORP., Appellant. [921 NYS2d 143]—

In an action to recover damages for personal injuries, the defendant LRL Construction Corp. appeals from so much of an or-

der of the Supreme Court, Kings County (Schmidt, J.), entered February 23, 2010, as granted that branch of the motion of the defendant New Amsterdam Restoration Group, Inc., which was for summary judgment on that defendant's cross claim for contractual indemnification against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

While performing a repair to a boiler room door in an area outside the back of the courthouse of the Appellate Division, Second Department, the plaintiff, an employee of the Department of Citywide Administrative Services, allegedly was injured when a piece of brick fell and struck him. Construction was taking place on the rear exterior wall of the apartment building located on the property directly behind the courthouse. Two employees of the defendant LRL Construction Corp. (hereinafter LRL), working from a hanging scaffold, were repairing the brickwork on the rear wall at the time of the accident.

The defendant New Amsterdam Restoration Group, Inc. (hereinafter New Amsterdam), had been hired by the apartment building owners to restore the facade of the building, and New Amsterdam subcontracted out this work to LRL. New Amsterdam performed no work at the subject property. LRL, through its president, executed an indemnification agreement, whereby "[t]o the fullest extent permitted by law," LRL agreed to indemnify New Amsterdam for any claims or actions seeking to recover damages for bodily injury resulting from the performance of LRL's work.

The plaintiff commenced this action against New Amsterdam and LRL. In its answer, New Amsterdam interposed a cross claim against LRL for contractual indemnification and moved, inter alia, for summary judgment on its cross claim for contractual indemnification. The Supreme Court, among other things, granted that branch of New Amsterdam's motion. We affirm the order insofar as appealed from.

The Supreme Court properly determined that New Amsterdam established that the indemnification agreement was in effect at the time of the accident and pertained to the work performed by LRL at the apartment building (see Roldan v New York Univ., 81 AD3d 625, 628 [2011]; Canela v TLH 140 Perry St., LLC, 47 AD3d 743, 744 [2008]).

The Supreme Court also properly determined that New Amsterdam was entitled to indemnification from LRL pursuant to the indemnification agreement, since New Amsterdam established that it was free from negligence in contributing to the happening of the accident (see General Obligations Law §

5-322.1; *Tarpey v Kolanu Partners, LLC*, 68 AD3d 1099, 1100 [2009]; *Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2009]; *Hirsch v Blake Hous., LLC*, 65 AD3d 570, 571 [2009]; *Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]; *see also Caballero v Benjamin Beechwood, LLC*, 67 AD3d 849, 852 [2009]; *Giangarra v Pav-Lak Contr., Inc.*, 55 AD3d 869, 870-871 [2008]). According to the testimony of both New Amsterdam's president and LRL's president submitted by New Amsterdam in support of its motion, LRL was solely responsible for supervising its own employees, instructing them in the manner in which to perform their work, and erecting safety netting and tarps to prevent materials from falling to the ground below. New Amsterdam also submitted the plaintiff's testimony that he was injured by debris falling as a result of the work being performed on the apartment building. Thus, New Amsterdam met its prima facie burden of establishing its entitlement to judgment as a matter of law on its cross claim for contractual indemnification (*see e.g. Roldan v New York Univ.*, 81 AD3d 625, 628-629 [2011]; *Reisman v Bay Shore Union Free School Dist.*, 74 AD3d 772, 774 [2010]; *Quilliams v Half Hollow Hills School Dist. [Candlewood School]*, 67 AD3d 763, 765 [2009]).

In opposition, LRL failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). For the first time on appeal, LRL argues that New Amsterdam was negligent on the basis of control of the worksite and failure to assess the safety needs of the project before LRL commenced its work. Since these contentions were not before the Supreme Court, they are not properly before this Court (*see Albanese v Village of Freeport*, 52 AD3d 550 [2008]; *Lawler v City of Yonkers*, 45 AD3d 813, 813 [2007]).

Accordingly, the Supreme Court properly granted that branch of New Amsterdam's motion which was for summary judgment on its cross claim for contractual indemnification against LRL. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.