*551 The motion court correctly granted defendants summary judgment dismissing plaintiffs Labor Law § 241 (6) claim, in support of which plaintiff alleged a violation of the Industrial Code (12 NYCRR) § 23-1.16, which sets protocols and standards for certain safety devices. An alleged violation of this section cannot be maintained as a predicate for section 241 (6) liability where there is no evidence that a plaintiff has been provided with any of the safety devices enumerated therein (see D'Acunti v New York City School Constr. Auth., 300 AD2d 107, 107-108 [1st Dept 2002]).
The motion court also correctly denied defendants’ motions for summary judgment on plaintiffs Labor Law § 240 (1) claim. There are questions of fact concerning how the accident occurred, and whether there were adequate safety devices provided to plaintiff that he elected not to use. Insofar as defendant Stratis contends that despite being the general contractor, it exercised no supervision or control over plaintiffs work, there is, at the very least, at question of fact concerning whether Stratis was authorized to exercise such supervision or control. The broad language of the agreement between Stratis and the property owner authorized Stratis to supervise all work on the construction project at issue (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]).
The motion court properly denied that branch of Stockbridge’s motion seeking summary judgment on its cross claim against Stratis and its third-party claim against Sanita for contractual indemnification since Stockbridge did not establish, as a matter of law, that the plaintiffs accident resulted from “negligent acts or omissions” on the part of Stratis or Sanita, as required by the defense and indemnification clause of its contracts with *552 them (see Coque v Wildflower Estates Devs., Inc., 31 AD3d 484, 488-489 [2d Dept 2006]; cf. Pope v Supreme-K.R.W. Constr. Corp., 261 AD2d 523, 525 [2d Dept 1999] [indemnification clause did not require proof of negligence]).
We have considered the remaining arguments and find them unavailing. Concur — Gonzalez, EJ., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.