[907 NYS2d 633]

Cesar DeGabriel, Plaintiff, v Strong Place Realty, LLC, et al., Defendants and Third-Party Plaintiffs. Citywide Concrete, Inc., Third-Party Defendant.

Supreme Court, Kings County, September 9, 2010

*Gello Vitucci Klar Pinter & Cogan,* New York City, for Rockledge Scaffold Corp., defendant and third-party plaintiff. *Queller Fisher Dienst Serrins Washor & Kool, LLP,* New York City, for plaintiff. *Cascone & Kluepfel, LLP,* Garden City (*Olympia Rubino* of counsel), for Citywide Concrete, Inc., third-party defendant. *Traub Lieberman Straus & Shrewsberry, LLP,* Hawthorne (*Lisa M. Rolle* of counsel), for Strong Place Realty, LLP, defendant and third-party plaintiff.

## OPINION OF THE COURT

WAYNE P. SAITTA, J.

Defendant Rockledge moves pursuant to CPLR 2221 seeking reargument of its motion for summary judgment which was partially denied by this court's decision dated September 23, 2009 (25 Misc 3d 1212[A], 2009 NY Slip Op 52042[U] [2009]). Rockledge seeks dismissal of plaintiff's cause of action against Rockledge for violations of Labor Law § 200 and common-law negligence. That part of Rockledge's motion to reargue seeking dismissal of plaintiff's cause of action pursuant to Labor Law § 241 (6) as against it has previously been granted.

Plaintiff cross-moves for an order pursuant to CPLR 2221 (e) and (a) granting renewal and reargument of those portions of the order of this court dated September 23, 2009 which

dismissed plaintiff's Labor Law § 240 (1) claim, and which found that Industrial Code (12 NYCRR) § 23-1.7 (e) (2) was not violated.

Upon reading the notice of motion by Chad E. Sjoquist, Esq., dated January 26, 2009, together with the affirmation in support of Chad E. Sjoquist, Esq., dated January 26, 2009, and all exhibits annexed thereto; the memorandum of law in support of Chad E. Sjoquist, Esq., dated January 26, 2009; the notice of motion by Lisa M. Rolle, dated February 13, 2009, together with the affirmation in support of Lisa M. Rolle, Esq., dated February 13, 2009, and all exhibits annexed thereto; the affirmation in opposition of Olympia Rubino, Esq., attorney for third-party defendant, Citywide Concrete, Inc., dated March 3, 2009; the affirmation in opposition of Lisa M. Rolle, Esq., dated April 15, 2009; the affirmation in partial opposition of Chad E. Sjoquist, Esq., dated April 17, 2009; the affirmation in opposition of Ephrem J. Wertenteil, Esq., counsel for plaintiff, dated April 24, 2009; the reply affirmation of Lisa M. Rolle, Esq., dated April 29, 2009, and all exhibits annexed thereto; the reply affirmation in further support of Chad E. Sjoquist, Esq., dated April 30, 2009; the notice of cross motion to renew and reargue of Ephrem Wertenteil, Esq., counsel for plaintiff, dated March 5, 2010, and the exhibit annexed thereto; the affirmation in opposition to plaintiff's motion to renew and reargue by Chad E. Sjoquist, Esq., dated April 6, 2010, and the exhibit annexed thereto; the affirmation in opposition of Lisa M. Rolle, Esq., dated April 7, 2010; the affirmation in reply of plaintiff, dated June 4, 2010; and after argument of counsel and due deliberation thereon, plaintiff's motion to renew and reargue is denied, and defendant Rockledge's motion to reargue the denial of summary judgment on plaintiff's claim pursuant to Labor Law § 200 and common-law negligence is denied.

## Facts

Plaintiff Cesar DeGabriel seeks compensation for a workplace accident which occurred when an I beam fell on his leg, causing him to suffer injuries.

It is undisputed that the accident occurred on December 27, 2006 while plaintiff was employed by Citywide Concrete, Inc. (hereinafter Citywide) and working at 56 Strong Place, Brooklyn, New York. Plaintiff stated in his EBT that his supervisor at Citywide was foreman Francisco Javier Rivera (hereinafter Rivera). According to Schneur Plotkin, defendant Strongrew

Realty, LLC (hereinafter Strongrew), was the owner of the location and defendant Strong Place Realty, LLC (hereinafter Strong Place), was the general contractor. He also attested that Rockledge Scaffold Corp. (hereinafter Rockledge), had been hired by Strong Place to provide services at the premises.

According to plaintiff, he and his coworkers were moving heavy wooden beams from one location to another location in the middle of the room in which they were working. When another worker was assigned to another task on the job site, plaintiff and his coworkers then began moving the wooden beams by sliding them across the metal I beams, which plaintiff states were piled on the floor. While moving the last beam, two of the workers used their feet to push the final wooden beam across the stack of metal I beams, and dislodged one of the metal beams, causing it to fall on plaintiff's leg.

The plaintiff filed suit against the defendants, claiming violations of sections 240 (1), 241 (6) and 200 of the Labor Law.

Defendants Strong Place Realty, LLC and Strongrew Realty, LLC (Strong defendants) and Rockledge Scaffold Corp. moved for summary judgment, seeking dismissal of the complaint. In a decision and order dated September 23, 2009, the court granted that part of defendants' motion which sought summary judgment on plaintiff's Labor Law § 240 (1) claim and denied summary judgment on plaintiff's claims pursuant to Labor Law § 241 (6), Labor Law § 200 and common-law negligence.

## Arguments

In its current motion to reargue, defendant Rockledge argues that it cannot be found liable under Labor Law § 200 and common-law negligence because the accident was not foreseeable, nor did Rockledge cause the accident. Rockledge argues that the sole proximate cause of plaintiff's accident was plaintiff's kicking the I beam.

Plaintiff argues that Rockledge is liable pursuant to Labor Law § 200 and the common law because it created the hazard by piling the I beams at the work site.

Citywide also opposes Rockledge's motion, arguing that there are issues of fact as to whether Rockledge stacked the I beams in a negligent manner.

Plaintiff cross-moves to reargue and renew the dismissal of his section 240 (1) claims arguing that the recent decision by the Court of Appeals in *Runner v New York Stock Exch., Inc.*

(13 NY3d 599 [2009]) expands the application of Labor Law § 240 (1). He argues that pursuant to *Runner*, an object need not fall from a particular height to constitute a violation of Labor Law § 240 (1).

Plaintiff also seeks to reargue this court's decision that held that Industrial Code § 23-1.7 (e) (2) did not apply to plaintiff's accident, contending that this court misinterpreted the scope of that code provision, and that it was violated at the time of plaintiff's accident.

The Strong defendants further argue that the decision in *Runner* (*supra*) does not disturb this court's order as the force-producing object, in this case the I beam, was not being moved from a higher to a lower elevation, as the reel was in *Runner*. The Strong defendants argue that the *Runner* decision only applies to the height differential of an object when it is being moved.

The Strong defendants finally argue that Industrial Code § 23-1.7 (e) (2) was not implicated in this case.

### Analysis
#### Rockledge's Motion to Reargue the Labor Law § 200 Claim

■ To establish liability against an owner or general contractor pursuant to the Labor Law provision requiring landowners to provide workers with a reasonably safe place to work, it must be established that the owner or general contractor exercised supervision and control over the work performed at the site, or had actual or constructive notice of the allegedly unsafe condition. (Labor Law § 200.)

The common law and section 200 impose a duty upon employers to provide their employees with a safe place to work. It applies to owners, contractors or their agents who had control over or supervised the work, or who created the dangerous condition and had actual or constructive notice of it. (*Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709 [2d Dept 2000].)

In this case notice is not an issue as plaintiff claims that Rockledge caused and created the condition. A subcontractor can be liable under a theory of common-law negligence where it creates the hazardous condition on the work site which causes the injury. (*Tomyuk v Junefield Assoc.*, 57 AD3d 518 [2d Dept 2008]; *see also Kelarakos v Massapequa Water Dist.*, 38 AD3d 717 [2d Dept 2007].)

It is not disputed that Rockledge placed the I beams at the work site. Plaintiff testified that there were complaints to the

foreman of Rockledge that the I beams were in the way of City-wide's work area where they were located, approximately 2½ weeks before the accident.

Francisco Rivera, the foreman of Citywide, testified to having notified the foreman of Rockledge repeatedly that materials were left at the work site in a sloppy manner, impeding Citywide from doing its work.

Neil McEntee, estimator for Rockledge, testified that the I beams may have been stacked and that stacking I beams is dangerous.

If a jury credits that testimony that Rockledge stacked the I beams and that they were stacked in an unsafe manner, the jury could reasonably conclude that Rockledge was negligent and should be held liable for plaintiff's injuries.

Accordingly, there is an issue of fact in dispute which precludes granting Rockledge summary judgment as to plaintiff's Labor Law § 200 and common-law negligence claims.

Plaintiff's Labor Law § 240 (1) Claim

■ Labor Law § 240 (1) protects workers injured by certain types of falling objects. The types of falling objects include objects being hoisted or lowered, as well as objects which need to be secured. (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259 [2001]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993].)

This court's order of September 23, 2009 dismissed the Labor Law § 240 (1) claim, finding that the I beam which allegedly fell on the plaintiff, causing him injury, was not sufficiently elevated to come within the scope of the Labor Law's protections because it was not above him.

Plaintiff argues that the recent decision in *Runner v New York Stock Exch., Inc.* (13 NY3d 599 [2009]) expands the protections of the Labor Law such that an object need not fall from a height above the worker to constitute a violation of Labor Law § 240 (1).

*Runner* was a case where a worker was injured in the process of lowering an object capable of generating significant force due to its weight. The worker was holding a line wrapped around a bar and connected to a heavy reel while in the process of lowering the reel. This makeshift mechanism failed and the weight of the reel, as it fell, dragged the worker into the bar, injuring him.

The court in *Runner* found that the force of gravity which was generated by the weight of the reel required that the reel

be sufficiently controlled as it was lowered, and that the ad hoc mechanism provided was insufficient and caused the accident.

Critical to the court's decision was its finding that because the loss of control of the reel's descent caused the injury to the plaintiff—the position of the plaintiff relative to the reel was not determinative. It was the failure of the mechanism being used to control the object's descent in *Runner* which caused the worker's injury.

Here, the I beam which injured the plaintiff was not being lowered or hoisted, nor was it being moved at the time of the accident. It was a stationary object, allegedly in a stack, on the floor. Since the beam was not being hoisted or lowered, it comes within the line of cases governing when failure to secure an object which later falls constitutes a violation of section 240 (1). This turns on whether the beam was sufficiently elevated in relation to plaintiff so that it constituted a hazard and therefore should have been secured.

This court held in its original decision that since the beam was not located above the plaintiff, it was not sufficiently elevated that the failure to secure it violated section 240 (1). (*Carroll v Timko Contr. Corp.*, 264 AD2d 706 [1999]; *Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657 [2d Dept 1994]; *Lucas v Fulton Realty Partners, LLC*, 60 AD3d 1004 [2d Dept 2009]; *Cruz v Neil Hospitality, LLC*, 50 AD3d 619 [2d Dept 2008].)

Plaintiff argues that because the I beams were such heavy objects, capable of generating significant force, their placement even at a slight elevation created an obligation for them to be secured.

However, *Runner* does not stand for the proposition that any heavy object capable of generating significant force as the result of gravity must be secured. *Runner* involved an injury caused by an object being lowered. The *Runner* decision is inapplicable to the current case because the I beam was not being hoisted or lowered.

Plaintiff's Industrial Code Claim

◼ Plaintiff also seeks to reargue the court's finding that there was no relevant violation of Industrial Code § 23-1.7 (e) (2), which deals with "Tripping and other hazards."

Industrial Code § 23-1.7 (e) (2) reads "Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projec-

tions insofar as may be consistent with the work being performed."

Plaintiff argues that because the I beam which injured plaintiff served no purpose being stacked where it was, and it obstructed the work area, its placement violated the "other hazards" category of Industrial Code § 23-1.7 (e).

However the phrase "other hazards" in Industrial Code § 23-1.7 (e) is only part of the title of the section and not part of the text, which does not, by itself, create a basis for a violation.

Here the I beams were in a pile in the work area, not scattered; they were not the result of lack of maintenance of the work area, nor were they stored in a manner that would lend itself to a concealed hazard.

As this court held in its original decision, the piling of the I beams on the floor of the work area is more appropriately alleged as a violation of section 23-2.1, "Maintenance and House-keeping," which provides in part: "(1) All building materials shall be stored in a safe and orderly manner. Material piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare." (12 NYCRR 23-2.1 [a].)

While there are issues of fact as to whether the I beams were stable under the conditions present at the time of the accident which preclude granting summary judgment dismissing plaintiff's Labor Law § 241 (6) claim based on a violation of Industrial Code § 23-2.1, the facts alleged by the plaintiff do not make out a violation of section 23-1.7 (e) (2).

Wherefore, defendant Rockledge's motion to reargue as to plaintiff's Labor Law § 200 and common-law claims is denied, and plaintiff's motion to reargue and renew is denied.