Cardinale v Avalon W. Chelsea (2022 NY Slip Op 05746)

Cardinale v Avalon W. Chelsea

2022 NY Slip Op 05746

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Index No. 150399/16 Appeal No. 16438 Case No. 2021-00647 

[*1]Nancy Cardinale, Plaintiff-Appellant,
v
Avalon West Chelsea, et al., Defendants-Respondents.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Elana M. Schachner of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Joshua M. Jemal of counsel), for Avalon West Chelsea, LLC, respondent.
Weiner, Millo, Morgan & Bonanno, New York (Scott F. Morgan of counsel), for Judy Painting Corp. and Z & Z's Inc., respondents.

Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered December 4, 2020, which denied plaintiff's motion for summary judgment and granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court correctly dismissed this action in which plaintiff fell while stepping down from a platform constructed to cover emergency electrical cabling. The 135-foot long, 5-foot wide and 3½-inch wide temporary platform, which was bright yellow with anti-slip tape applied to the edge, was open and obvious and not inherently dangerous (see Baker v Roman Catholic Church of the Holy See, 136 AD3d 596, 597 [1st Dept 2016]; Langer v 116 Lexington Ave., Inc., 92 AD3d 597, 598-599 [1st Dept 2012], lv denied 24 NY3d 907 [2014]). Plaintiff was aware of the existence of the platform, having walked on it a few days earlier (see Schulman v Old Navy/The Gap, Inc., 45 AD3d 475, 476 [1st Dept 2007]). Plaintiff described her fall as occurring when she misjudged the height of the step down and not because she was unaware of the platform's termination (see Jones v Presbyterian Hosp. in City of N.Y., 3 AD3d 225, 226-227 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022