## Valladares v Henry V. Murray Senior, LLC

2024 NY Slip Op 30926(U)

March 20, 2024

Supreme Court, New York County

Docket Number: Index No. 155344/2018

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JOHN J. KELLEY**     PART     **56M**

*Justice*

------------------------------------------------------------------------------X

EDWIN VALLADARES,

            Plaintiff,

       - v -

HENRY V. MURRAY SENIOR, LLC, 89 MURRAY STREET
ASSOCIATES, LLC, BOARD OF MANAGERS OF THE
WARREN STREET CONDOMINIUM, and PLAZA
CONSTRUCTION, LLC,

            Defendants.

------------------------------------------------------------------------------X

HENRY V. MURRAY SENIOR, LLC, and PLAZA
CONSTRUCTION, LLC,

            Third-Party Plaintiffs,

       -against-

B&G ELECTRICAL CONTRACTORS OF N.Y., INC.,

            Third-Party Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155344/2018 |
| **MOTION DATE** | 11/08/2023 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50,
51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 73, 74, 75, 76, 78, 79, 80,
81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105,
106

were read on this motion to/for          JUDGMENT - SUMMARY         .

     I.      <u>INTRODUCTION</u>

In this action to recover damages for personal injuries arising from a construction site

accident, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), 240(2),

240(3), and 241(6), the defendants third-party plaintiffs, Henry V. Murray Senior, LLC (HVMS),

and Plaza Construction, LLC (Plaza; together the Plaza defendants), move pursuant to CPLR

3212 for summary judgment dismissing the complaint insofar as asserted against them, and on

the issue of liability on their third-party causes of action for contractual indemnification and

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**        **Page 1 of 20**
**Motion No. 002**

alleging breach of contract against the third-party defendant, B&G Electrical Contractors of N.Y., Inc. (B&G). B&G supports and joins in those branches of the Plaza defendants' motion seeking summary judgment dismissing the plaintiff's complaint, otherwise opposes the motion, and cross-moves move pursuant to CPLR 3212 for summary judgment dismissing the third-party contractual indemnification and breach of contract causes of action. The plaintiff opposes both the Plaza defendants' motion and B&G's cross motion. He separately cross-moves pursuant to CPLR 3042(b) and 3043(c) for leave to serve a supplemental bill of particulars, and pursuant to CPLR 3212 for summary judgment on the issue of liability on his Labor Law § 240(1) cause of action insofar as asserted against the Plaza defendants.

The Plaza defendants' motion is granted to the extent that they are awarded summary judgment on the issue of liability on the third-party breach of contract and contractual indemnification causes of action against B&G, dismissing the common-law negligence/Labor Law § 200 cause of action insofar as asserted against HVMS, dismissing the Labor Law §§ 240(2) and 240(3) causes of action insofar as asserted against both of them, and dismissing the Labor Law § 241(6) cause of action insofar as asserted against both of them, except insofar as that cause of action is premised upon an alleged violation of 12 NYCRR 23-2.1(a)(1). The Plaza defendants' motion is otherwise denied. B&G's cross motion is granted to the extent that it is awarded summary judgment dismissing the Labor Law §§ 240(2) and 240(3) causes of action and the Labor Law § 241(6) cause of action to the same extent as it was dismissed against the Plaza defendants, and its cross motion is otherwise denied. The plaintiff's cross motion is granted to the extent that he (a) may serve a supplemental bill of particulars asserting that the Plaza defendants violated 12 NYCRR 23-2.1(a)(1), and (b) is awarded summary judgment on the issue of liability on his Labor Law § 240(1) cause of action against the Plaza defendants, and his cross motion is otherwise denied.

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

**Page 2 of 20**

## II.    BACKGROUND

On December 4, 2017, the plaintiff was employed by B&G as an electrician in connection with construction work in an apartment located on the 33rd floor at 111 Murray Street, New York, New York (the premises). HVMS owned the premises, Plaza was the construction manager, B&G was the electrical subcontractor, and non-party Total Safety was the site safety contractor. On the day in question, the plaintiff had been working in the subject apartment all day, and for approximately 75 minutes in the room where the accident occurred. The plaintiff was tasked with wiring a smoke alarm that was approximately nine feet off the ground, for which he was provided with an A-frame ladder that he set up to give him access to the portion of the ceiling where the wire and alarm were to be installed. A stack of sheetrock measuring approximately four feet high, ten feet long, and four feet wide was situated behind the location at which he set up the ladder. Upon finishing the installation of the smoke alarm, the plaintiff began to descend the ladder, when his foot came into contact with the edge of the sheetrock stack. The plaintiff alleged that he lost his balance, after which the ladder moved, and he fell to the ground, sustaining injuries to his shoulders.

On June 7, 2018, the plaintiff commenced this action. On August 13, 2018, the Plaza defendants served and filed their answer with cross claims. On December 18, 2018, the defendant 89 Murray Street Associates, LLC, served and filed its answer with cross claims. On June 13, 2019, the plaintiff entered into a stipulation to discontinue the action, without prejudice, only as against the defendants 89 Murray Street Associates, LLC, and Board of Managers of the Warren Street Condominium. On September 5, 2019, the Plaza defendants filed a third-party complaint against B&G, asserting claims for contractual and common-law indemnification, contribution, and breach of contract for failure to procure unrestricted insurance. On November 7, 2019, B&G served and filed its answer to the third-party complaint. On January 31, 2022, the plaintiff filed the note of issue and certificate of readiness. On March 31, 2022, the Plaza defendants timely made the instant motion.

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

Page 3 of 20

[* 3]

III.   DISCUSSION

A.   The Plaza Defendant's Summary Judgment Motion

In both his complaint and initial bill of particulars as to all of the defendants, the plaintiff alleged that the Plaza defendants were negligent in their ownership, operation, supervision, management, and control of the premises.  The plaintiff also alleged that the Plaza defendants violated Labor Law §§ 200, 240(1), 240(2), 240(3), and 241(6), the latter based upon violation of several provisions of Rule 23 of the Industrial Code of the State of New York (12 NYCRR), and the rules of the Occupational Safety and Health Administration (OSHA).  In particular, the plaintiff alleged that the defendants violated 12 NYCRR 23-1.5 (general responsibility of employers), 12 NYCRR 23-1.7 and 23-1.7(f) (protection from general hazards), 12 NYCRR 23-1.15 (safety railing), 12 NYCRR 23-1.16, 23-1.16(a) and (b) (safety belts, harnesses, tail lines and lifelines), 12 NYCRR 23-1.17 (life nets), 12 NYCRR 23-1.21, 23-1.21(b)(1), (b)(3)(i), (b)(4)(ii), (b)(4)(iv), and (e) (ladders and ladderways), 12 NYCRR 23-5 (scaffolding), and 12 NYCRR 23-9.6 (aerial baskets).

In support of their motion, the Plaza defendants submitted the pleadings and the deposition transcripts of the plaintiff, as well as those of Matthew Pagnani, Plaza's field superintendent, and David Hochman, the general foreman for B&G.  The Plaza defendants also submitted the construction management agreement between Plaza and HVMS, and the subcontract between Plaza and B&G.  In response to the Plaza defendants' motion, B&G adopted the Plaza defendants' submissions and further submitted excerpts of the plaintiff's deposition transcript, a photograph of the area at which the plaintiff was working at the time of the accident, depicting an exposed wall with the number 33 painted in red, smoke detector wiring, and a pile of sheetrock, and a certificate of liability insurance for B&G.  The plaintiff submitted the photograph of the area at which he was working at the time of the accident, an excerpt of the construction management agreement between Plaza and HVMS, and his own affidavit supplementing his deposition testimony.

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

Page 4 of 20

1. Summary Judgment Standards

It is well settled that the movant on a summary judgment motion "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr*., 64 NY2d 851, 853 [1985] [citations omitted]). The motion must be supported by evidence in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), as well as the pleadings and other proof such as affidavits, depositions, and written admissions (*see* CPLR 3212). The facts must be viewed in the light most favorable to the non-moving party (*see Vega v Restani Constr. Corp*., 18 NY3d 499, 503 [2012]). In other words, "[i]n determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility" (*Garcia v J.C. Duggan, Inc*., 180 AD2d 579, 580 [1st Dept 1992]). Once the movant meets his or her burden, it is incumbent upon the non-moving party to establish the existence of material issues of fact (*see Vega v Restani Constr. Corp*., 18 NY3d at 503). A movant's failure to make a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see id*.; *Medina v Fischer Mills Condo Assn.,* 181 AD3d 448, 449 [1st Dept 2020]).

"The drastic remedy of summary judgment, which deprives a party of his [or her] day in court, should not be granted where there is any doubt as to the existence of triable issues or the issue is even 'arguable'" (*De Paris v Women's Natl. Republican Club, Inc*., 148 AD3d 401, 403-404 [1st Dept 2017]; *see Bronx-Lebanon Hosp. Ctr. v Mount Eden Ctr*., 161 AD2d 480, 480 [1st Dept 1990]). Thus, a moving defendant does not meet his or her burden of affirmatively establishing entitlement to judgment as a matter of law merely by pointing to gaps in the plaintiff's case. He or she must affirmatively demonstrate the merit of his or her defense (*see Koulermos v A.O. Smith Water Prods*., 137 AD3d 575, 576 [1st Dept 2016]; *Katz v United Synagogue of Conservative Judaism*, 135 AD3d 458, 462 [1st Dept 2016]).

**155344/2018 VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No. 002**

**Page 5 of 20**

5 of 20

[* 5]

## 2. Labor Law § 240(1)

Labor Law § 240(1) provides, in pertinent part, that,

> "[a]ll contractors and owners and their agents, . . . , in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The statute "imposes absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker" (*Laverty v 1790 Broadway Assoc., LLC*, 2017 NY Slip Op 32309[U], *4, 2017 NY Misc LEXIS 4148, *3 [Sup Ct, NY County, Oct. 27, 2017], quoting *Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011]).  To establish liability, the plaintiff must prove a violation of the statute and that the violation was a proximate cause of his or her injuries (*see id*.).  "The plaintiff need not demonstrate that the [safety device] was defective or failed to comply with applicable safety regulations, but only that it proved inadequate to shield [plaintiff] from harm directly flowing from the application of the force of gravity to an object or person" (*Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc.*, 118 AD3d 524, 526 [1st Dept 2014]) (internal quotation marks and citation omitted).

The inexplicable shifting of a ladder establishes prima facie liability under Labor Law § 240 (*see Carchipulla v 6661 Broadway Partners, LLC*, 95 AD3d 573, 574 [1st Dept 2012]; *Harrison v V.R.H. Constr. Corp.*, 72 AD3d 547, 547 [1st Dept 2010]; *Hart v Turner Constr. Co.*, 30 AD3d 213, 214 [1st Dept 2006]).  Failure to provide a properly secured ladder, so that it remains steady and erect while being used, is a violation of Labor Law § 240(1) (*see Hill v City of N.Y.*, 140 AD3d 568, 569 [1st Dept 2016]; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 174-175 [1st Dept 2004] [holding that even though an object hit the ladder and caused it to shake, plaintiff was injured, at least in part, due to defendant's failure to secure the ladder with adequate safety devices]; *Morin v Machnick Bldrs., Inc.*, 4 AD3d 668, 670-671 [3d Dept 2004]

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

**Page 6 of 20**

6 of 20

[* 6]

[partial summary judgment awarded on the issue of liability where safety equipment supplied was inadequate in preventing ladder from slipping on sheet of ice]).

The Plaza defendants failed to establish their prima facie entitlement to judgment as a matter of law in connection with the Labor Law § 240(1) cause of action. They argued that the plaintiff admitted that the ladder that he was using was not defective, was securely braced, and was inspected prior to use. They further contended that the plaintiff conceded that the ladder was an adequate safety device for the work he was performing. The Plaza defendants also argued that the plaintiff's accident was caused by his foot contacting the sheetrock stack, of which he was aware at all times, and not by the effects of gravity. Finally, they argued that the plaintiff's conduct was the sole cause of the accident since he had an adequate amount of space between the adjacent wall and the sheetrock stack, yet he chose to position the ladder close to the stack, and did not ask for the stack to be removed beforehand. Despite these arguments, the Plaza defendants failed to establish that the ladder in and of itself was sufficient to provide proper protection. Moreover, any alleged negligence on the plaintiff's part goes only to the issue of comparative fault, and because Labor Law 240(1) imposes an absolute liability once a violation is shown, comparative fault is not a defense (see *DaSilva v Toll First Ave., LLC,* 199 AD3d 511, 513 [1st Dept 2021]; *Morin v Machnick Bldrs., Inc.*, 4 AD3d at 670; *Sotarriba v 346 W. 17th St., LLC*, 2019 NYLJ LEXIS 840, *16-17 [Sup Ct, N.Y. County, Mar. 21, 2019]).

In any event, the plaintiff not only raised triable issues of fact, but established his own prima facie entitlement to judgment as a matter of law on the issue of liability on his Labor Law § 240(1) cause of action. The plaintiff testified that the ladder "moved a little bit" during the accident. When asked how the ladder moved, the plaintiff explained that he wanted to grab onto it, but "that's when it moved a little bit and I fell backwards and I couldn't hold onto it." As a follow-up question, the plaintiff was asked very specifically if the ladder moved before his foot came into contact with the sheetrock, to which he answered that he could not remember. The court disagrees with the Plaza defendants' characterization that the plaintiff's latter answer

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

Page 7 of 20

corrected his purportedly "inaccurate" earlier statement that the ladder moved. The plaintiff clearly testified that the ladder moved at some point *during* the accident when he tried to grab onto it. Whether the ladder shifted before or after the plaintiff's contact with the sheetrock is unclear; however, the plaintiff's testimony that he did not remember if it moved was in response to the specific question of wheter it moved *before* contacting the sheetrock.

In light of the foregoing, that branch of the Plaza defendants' motion seeking summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them must be denied. As explained below, this court will entertain the plaintiff's cross motion for summary judgment even though it otherwise was untimely. Since the plaintiff established that the ladder did not provide sufficient protection from the dangers posed by height and gravity, and the Plaza defendants failed to raise a triable issue of fact in opposition, that branch of the plaintiff's motion seeking summary judgment on the issue of liability on that cause of action must be granted.

### 3. Labor Law § 241(6)

Labor Law § 241(6) imposes a nondelegable duty upon general contractors "to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998] [citation and internal quotation marks omitted]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). To sustain a Labor Law § 241(6) cause of action, it must be shown that the defendant violated a specific, "concrete" implementing regulation of the Industrial Code, rather than generalized regulations for worker safety (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 505). Labor Law § 241(6) requires a plaintiff to show that the safety measures actually employed on a job site were unreasonable or inadequate and that the violation was a proximate cause of his or her injuries (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]; *Baptiste v RLP-East, LLC*, 182 AD3d 444, 444 [1st Dept 2020] [Labor Law § 241(6) requires a finding that a

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

Page 8 of 20

defendant violated the Industrial Code, and the additional finding that the violation showed a lack of reasonable care]).

Here, the plaintiffs asserted violations of 12 NYCRR 23-1.5 (general responsibility of employers), 12 NYCRR 23-1.7 and 23-1.7(f) (protection from general hazards), 12 NYCRR 23-1.15 (safety railing), 12 NYCRR 23-1.16, 23-1.16(a), and (b) (safety belts, harnesses, tail lines and lifelines), 12 NYCRR 23-1.17 (life nets), 23-1.21, 23-1.21(b)(1), (b)(3)(i), (b)(4)(ii), (b)(4)(iv), and (e) (ladders and ladderways), 12 NYCRR 23-5 (scaffolding), and 12 NYCRR 23-9.6 (aerial baskets). The Plaza defendants have established, prima facie, that 12 NYCRR 23-1.7, 23-1.7(f), 23-1.15, 23-1.16, 23-1.16(a), and (b), 23-1.17, 23-5, and 23-9.6 are not applicable to this case. With respect to 12 NYCRR 23-1.7, subsections (a) through (d) and (f) through (h), are clearly inapplicable to the facts of this case. 12 NYCRR 23-1.7(e)(1), which pertains to tripping and other hazards in passageways, is also inapplicable since the accident did not occur in a passageway (*see Wunderlich v Turner Constr. Co.*, 2016 NY Slip Op 30616[U], *13, 2016 NY Misc LEXIS 1328, *17-18 [Sup Ct, N.Y. County, Apr. 12, 2016]). 12 NYCRR 23-1.7(e)(2), which pertains to tripping and other hazards in working areas, is inapplicable as well because, while the accident did occur in a work area, the hazard at issue, the sheetrock stack, was not "scattered" (*see Dalanna v City of New York*, 308 AD2d 400, 401 [1st Dept 2003]). The Plaza defendants have also established, prima facie, that 12 NYCRR23-1.5 and 23-1.21, 23-1.21(b)(1), (b)(3)(i), (b)(4)(ii), (b)(4)(iv), and (e) are not applicable, were not violated, or that such violations, if any, did not cause or contribute to the plaintiff's injury. The subparts of 12 NYCRR 23-1.21 that the plaintiff identified pertain to the strength, maintenance, footing, and installation and use of a ladder, none of which the plaintiff testified to being an issue. In opposition to the Plaza defendants' showing with respect to these matters, the plaintiff failed to raise a triable issue of fact.

The court notes that, inasmuch as the plaintiff may be asserting various OSHA provisions as a basis for liability under Labor Law § 241(6), those claims must be rejected, since

**155344/2018  VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

Page 9 of 20

9 of 20

[* 9]

a plaintiff must plead and prove an applicable regulation of the Industrial Code instead (*see Alberto v Disano Demolition Co.*, 194 AD3d 607, 608 [1st Dept 2021]; *Garcia v 225 E. 57th St. Owners, Inc.*, 96 AD3d 88, 91 [1st Dept 2012]).

Thus, summary judgment dismissing the Labor Law § 241(6) cause of action must be awarded as to the above regulations of the Industrial Code. Nonetheless, as explained below, the court is permitting the plaintiff to serve a supplemental bill of particulars adding an allegation that the Plaza defendants violated 12 NYCRR 23-2.1(a)(1) which, had the plaintiff previously claimed it, would not have been subject to summary dismissal.

4. Labor Law § 200 And Common-Law Negligence

The court notes that, in his cross motion, the plaintiff discontinued his Labor Law § 200 and common-law negligence cause of action as to HVMS only.

Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work (*see Hartshorne v Pengat Tech. Inspections, Inc.*, 112 AD3d 888, 889 [2d Dept 2013]; *see also Comes v NY State Elec. & Gas Corp.*, 82 NY2d 876 [1993]; *Kennedy v McKay*, 86 AD2d 597 [2d Dept 1982]). There are two distinct standards applicable to section 200 cases, depending on the situation involved – where the accident is the result of the means and methods used by the general contractor to do its work, and where the accident is the result of a dangerous premises condition (*see McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796 [2d Dept 2007]). To the extent that the plaintiff's allegation is that the accident occurred when the his foot came into contact with the edge of the sheetrock stack, causing him to lose his balance, the plaintiff is claiming an injury due to a dangerous premises condition (*see Padilla v Touro Coll. Univ. Sys.*, 204 AD3d 415, 416 [1st Dept 2022]; *see also Jackson v Hunter Roberts Constr., LLC*, 205 AD3d 542, 543 [1st Dept 2022]; *Favaloro v Port Auth. of NY & New Jersey*, 191 AD3d 524, 525 [1st Dept 2021]). Inasmuch as the plaintiff also contended that his accident occurred because the ladder was not properly anchored or secured, and thus moved

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

Page 10 of 20

immediately after his foot came into contact with the sheetrock, he also is claiming an injury due to the means and methods of the ongoing construction (*see Breslin v Macy's, Inc.* 211 AD3d 569, 570-571 [1st Dept 2021]).

To sustain a common-law negligence claim for an injury resulting from a dangerous premises condition, a plaintiff must demonstrate that an owner or other responsible entity either created the allegedly dangerous condition or had actual or constructive notice of it (*see Early v Hilton Hotels Corp.*, 73 AD3d 559, 560-561 [1st Dept 2010]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986] [citations omitted]). "A defendant demonstrates lack of constructive notice by producing evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area was last inspected or cleaned before plaintiff fell" (*Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [1st Dept 2011] [citations omitted]). Generally, a defendant moving for summary judgment on the ground that it did not have constructive notice of a dangerous condition must show that it recently inspected the area in question, or repeatedly inspected the area for a sufficient period of time leading up to the accident (*see Guzman v Broadway 922 Enters., LLC*, 130 AD3d 431, 432 [1st Dept 2015]; *Rivera v Tops Mkts., LLC*, 125 AD3d 1504, 1505-1506 [4th Dept 2015]; *Mike v 91 Payson Owners Corp.*, 114 AD3d 420, 420 [1st Dept 2014]). Moreover, it is a "well-established principle that a finding of 'open and obvious' as to a hazardous condition is never fatal to a plaintiff's negligence claim. It is relevant only to plaintiff's comparative fault" (*Saretsky v 85 Kenmare Realty Corp.*, 85 AD3d 89, 90 [1st Dept 2011]). Rather, a defendant moving for summary judgment dismissing a claim based on the existence of a dangerous condition may only succeed by establishing that the alleged condition was "open and obvious *and not inherently dangerous*" as a matter of law (*Cardinale v Avalon W. Chelsea*, 209 AD3d 483, 484 [1st Dept 2022] [emphasis added]).

**155344/2018  VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

Page 11 of 20

To find an owner or general contractor liable under Labor Law § 200 for dangers arising from the means, methods, or materials of the work, it must be shown that the owner or general contractor had authority to supervise or control the injury-producing work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 877).  However, "general supervisory control is insufficient to impute liability pursuant to Labor Law § 200, which liability requires actual supervisory control or input into how the work is performed" (*Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 311 [1st Dept 2007]; *see Bednarczyk v Vornado Realty Trust*, 63 AD3d 427 [1st Dept 2009]; *Burkoski v Structure Tone, Inc.*, 40 AD3d 378 [1st Dept 2007]; *Smith v 499 Fashion Tower, LLC*, 38 AD3d 523 [2d Dept 2007]).

To the extent that the Labor Law § 200/common-law negligence cause of action was based on an allegation of a dangerous premises condition, Plaza failed to establish, prima facie, either that the placement or location of the sheetrock stack was not inherently dangerous, or that it lacked actual or constructive notice of that dangerous condition.  Plaza claimed that the sheetrock stack was not inherently dangerous since the plaintiff had sufficient room to avoid the stack when he set up the ladder, and used it numerous times before the accident without any issues.  It also claimed that there was no proof that it had requisite notice of the sheetrock stack in the bedroom of the particular apartment on the 33rd floor on the accident date, or that it received any complaints, including from the plaintiff himself, to have the stack removed before the accident.  Plaza, however, did not submit evidence of their maintenance activities or show that the area in question was recently inspected.  In fact, Pagnani, Plaza's superintendent, testified that, while he could not recall if he received any complaints specifically about sheetrock stacks being in the way of B&G's work on the 33rd floor, or before the date of the accident, he did receive specific complaints from B&G about sheetrock being in the way of their work in the rooms of the apartments throughout the course of the job.  Moreover, Hochman, B&G's general foreman, testified that, while he could not recall if he spoke with anyone from Plaza regarding the placement of the sheetrock stack in the apartment on the 33rd floor prior to the plaintiff's

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

Page 12 of 20

12 of 20

accident, he did speak with Plaza about the stack being in the way of the B&G's work in multiple locations in the building, and that "it was common practice we'd have to have them move Sheetrock all the time," even prior to the plaintiff's accident. Such testimony effectively defeats Plaza's attempt affirmatively to establish its entitlement to judgment as a matter of law with respect to a common-law negligence/Labor Law § 200 cause of action.

Hence, to the extent that the plaintiff is alleging a dangerous premises condition, that branch of the Plaza defendants' motion seeking summary judgment dismissing the common-law negligence/Labor Law § 200 cause of action insofar as asserted against Plaza must be denied.

The Plaza defendants did establish, however, through the parties' deposition testimony, that it did not have authority to supervise or control the means and methods of the work that caused the accident. Since the plaintiff did not raise a triable issue of fact in connection with that showing, he may not pursue a common-law negligence/Labor Law § 200 cause of action based on Plaza's alleged negligence in connection with the means and methods of the work.

### 5. Contractual Indemnification and Breach of Contract

The court recognizes that a construction-related indemnification agreement that purports to indemnify a party for its own negligence is void and unenforceable (*see* General Obligations Law § 5-322.1; *Giangarra v Pav-Lak Contr., Inc.*, 55 AD3d 869, 870 [2d Dept 2008]). As relevant here, the agreement between the Plaza defendants and B&G provided that

> "[t]o the extent permitted by law, Subcontractor shall indemnify, defend, save and hold Owner, Construction Manager, their respective partners, officers, employees and anyone else acting for or on behalf of any of them (herein collectively called "Indemnitees") harmless from and against all liability, damage, loss, claims, demands and actions of any nature whatsoever which arise out of or are connected with, or are claimed to arise out of or be connected with: . . . [t]he performance of Work by the Subcontractor . . . [t]he use, misuse, erection, maintenance, operation or failure of any machinery or equipment (including, but not limited to, . . . ladders"

Additionally, the agreement provided that

> "[a]s a further clarification of the above, the indemnification obligations set forth in this Article 9 shall include, to the fullest extent permitted by law, indemnification for claims caused in whole or in part by an Indemnitee's negligence.

**155344/2018 VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No. 002**

**Page 13 of 20**

13 of 20

> Notwithstanding the foregoing, wherever there is a provision in the applicable law governing this Subcontract making void and unenforceable any such indemnification of an Indemnitee hereunder where such Indemnitee is negligent or at fault, in whole or in part, then and in any event such indemnification shall apply only to the extent permitted by such applicable law."

Where an agreement authorizes indemnification "to the fullest extent permitted by law," it does not violate General Obligations Law § 5-322.1 (*see Giangarra v Pav-Lak Contr., Inc.*, 55 AD3d at 871; *Farrugia v 1440 Broadway Assoc.*, 157 AD3d 565, 569 [1st Dept 2018]), as the law itself permits indemnification where the indemnitor itself is shown to be negligent, or the indemnitee's liability arises solely because it violated a statute that does not require a finding of negligence, provided that there is no evidence of negligence on the part of the indemnitee. In those circumstances, an indemnification clause is enforceable (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]; *see also Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795, n 5 [1997]). In fact, the courts have found that that statute also permits a partially negligent insured party to seek contractual indemnification "so long as the indemnification provision does not purport to indemnify" the party "for its own negligence" (*Brooks v Judlau Contr., Inc.*, 11 NY3d 204, 207 [2008]).

The Plaza defendants have established, prima facie, that the indemnification provision of its agreement with B&G is enforceable, even though they have failed to establish that their negligence did not cause or contribute to the plaintiff's accident, inasmuch as the primary claim upon which liability against them is grounded is a statutory, strict liability cause of action under Labor Law § 240(1) (*see Brown v Two Exch. Plaza Partners*, 76 NY2d at 179). B&G did not rebut or refute that showing. Thus, the Plaza defendants must be awarded summary judgment as to liability on its third-party contractual indemnification cause of action against B&G.

With respect to the third-party breach of contract claim, the Plaza defendants have established, prima facie, that B&G failed to procure appropriate insurance coverage pursuant to their agreement. The agreement between the parties required B&G to procure commercial general liability insurance in the amount of at least $2 million per occurrence, and at least $4

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

Page 14 of 20

million in the general aggregate, *unless otherwise specified*. The agreement, however, otherwise specified that the electrical trade subcontractors, including B&G, were to have general aggregate coverage limits of at least $10 million. In opposition to the Plaza defendants' showing that B&G did not secure insurance with sufficient aggregate limits, B&G failed to raise a triable issue of fact. While B&G submitted its certificate of liability insurance that named the proper insured parties, the policy limits did not meet the requirements of the parties' agreement. The insurance certificate provided by B&G indicated that B&G obtained commercial general liability insurance of $2 million per occurrence, but only $4 million in general aggregate, instead of the $10 million as otherwise delineated for electrical subcontractors. Thus, summary judgment must be granted to the Plaza defendants on the issue of liability on the third-party breach of contract cause of action, alleging a failure to procure the proper insurance coverage.

B. <u>B&G's Cross Motion for Summary Judgment</u>

Inasmuch as B&G also moves for summary judgment dismissing the plaintiff's complaint on the same grounds as the Plaza defendants, and adopts the Plaza defendants' arguments on those claims, the court denies summary judgment to B&G dismissing the Labor Law § 240(1) cause of action, and the common-law negligence/Labor Law § 200 cause of action based on a dangerous premises condition, and awards it summary judgment dismissing the Labor Law §§ 240(2) and 240(3) causes of action, the common-law negligence/Labor Law § 200 cause of action to the extent based on the means and methods of work, and the Labor Law § 241(6) cause of action to the same extent and for the same reason as that cause of action is dismissed as against the Plaza defendants. With regard to those branches of B&G's cross motion seeking summary judgment dismissing the Plaza defendants' third-party causes of action to recover for contractual indemnification and breach of contract, the court denies that relief for the same reasons that it granted those branches of the Plaza defendants' motion seeking summary judgment on the issue of liability on those third-party causes of action.

B&G's remaining contentions are without merit.

**155344/2018 VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No. 002**

**Page 15 of 20**

[* 15]

15 of 20

C. Plaintiff's Cross Motion for Leave to Supplement Bill of Particulars and for Summary Judgment on the Labor Law § 240(1) Cause of Action

Unless otherwise directed by the court, CPLR 3212(a) requires summary judgment motions to "be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (CPLR 3212[a]; *see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726 [2004]; *Freire-Crespo v 345 Park Ave. L.P.*, 122 AD3d 501, 502 [1st Dept 2014]).  Nonetheless, the court may consider an untimely cross motion for summary judgment, "even in the absence of good cause, where a timely motion for summary judgment was made seeking relief 'nearly identical' to that sought by the cross motion" (*Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [1st Dept 2006]; *see Fahrenholz v Sec. Mut. Ins. Co..*, 32 AD3d 1326, 1328 [4th Dept 2006]).  Here, the court directed the parties to file summary judgment motions no later 60 days after the filing of the note of issue.  The note of issue was filed on January 31, 2022 and, thus, any summary judgment motion should have been made no later April 1, 2022 to be considered timely.  The Plaza defendants timely filed their motion for summary judgment on March 31, 2022.  After obtaining several stipulations of adjournment, B&G filed its cross motion for summary judgment on June 28, 2022.  The plaintiff filed his separate cross motion for summary judgment on May 25, 2023.  The parties stipulated several times to adjourn the return date of the motion to allow more time for any opposition and reply papers.  In any event, inasmuch as the plaintiffs' cross motion is seeking relief that is a mirror image of that sought by the Plaza defendants' timely motion, that is, the Plaza defendants' motion addressed causes of action under Labor Law §§ 200, 240(1), 240(2), 240(3), and 241(6), while the plaintiff's cross motion addressed Labor Law § 240(1), this court will allow the filing of the plaintiff's otherwise untimely cross motion.  As explained above, the plaintiff is entitled to summary judgment on the issue of liability on his cause of action to recover under Labor Law § 240(1) insofar as asserted against the Plaza defendants.

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

Page 16 of 20

16 of 20

[* 16]

Leave to amend or supplement a pleading is to be freely given absent prejudice or surprise resulting from the amendment, provided that the evidence submitted in support of the motion indicates that the proposed amendment may have merit (*see* CPLR 3025[b]; *McCaskey, Davies and Assocs., Inc v New York City Health & Hospitals Corp.*, 59 NY2d 755 [1983]; *360 West 11th LLC v ACG Credit Co. II, LLC*, 90 AD3d 552 [1st Dept 2011]; *Smith-Hoy v AMC Prop. Evaluations, Inc.*, 52 AD3d 809 [1st Dept 2008]). The court must examine the sufficiency of the proposed amendment only to determine whether the proposed amended pleading is "palpably insufficient or clearly devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [1st Dept 2010]; *see Hill v 2016 Realty Assoc.*, 42 AD3d 432 [2d Dept 2007]).

Here, the plaintiff seeks only further to specify the provisions of 12 NYCRR part 23 that allegedly were violated, and the court discerns no prejudice or surprise arising from granting the plaintiff leave to supplement his bill of particulars in this manner. The Plaza defendants were aware that the plaintiff was asserting violations of the Industrial Code, namely, various subparts of part 23, a part that relates to protection in construction, demolition, and excavation operations. Thus, for the plaintiff to supplement his bill of particulars to specify 12 NYCRR 23-1.7(e)(1) and (2), a provision relating to tripping and other hazards, and to add 12 NYCRR 23-2.1(a)(1), a provision relating to the maintenance and housekeeping of construction operations, would not cause prejudice or harm to the Plaza defendants (*see Hageman v Home Depot U.S.A., Inc.*, 45 AD3d 730, 731 [2d Dept 2007] [holding that proposed supplemental bill of particulars did not prejudice defendant third-party plaintiff because it did not articulate a new theory of liability, but merely amplified the plaintiff's Labor Law § 241(6) cause of action]; *Dowd v City of New York*, 40 AD3d 908, 911 [2d Dept 2007] [finding that leave to amend bill of particulars to specify Industrial Code violation was proper *even after note of issue filed*, where plaintiffs showed no prejudice to defendants]; *Scherrer v Time Equities, Inc.*, 27 AD3d 208, 209 [1st Dept 2006] [allowing supplemental bill of particulars with additional statutory violations since

**155344/2018 VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No. 002**

Page 17 of 20

17 of 20

it merely elaborated upon theory in original bill of particulars and raised no new theory of liability]).

Nonetheless, while the plaintiff otherwise would have been allowed to specify 12 NYCRR 23-1.7(e)(1) and (2) in a supplemental bill of particulars at this stage of the litigation, if they were applicable, the court already has awarded summary judgment to the Plaza defendants dismissing, in their entirety, all claims based on 12 NYCRR 23-1.7.  The plaintiff's allegations as to these provisions of the Industrial Code are without merit and, thus, his request to supplement his bill of particulars to assert a violation of these provisions is denied.

12 NYCRR 23-2.1(a)(1), however, provides that,

> "[a]ll building materials shall be stored in a safe and orderly manner. Material piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare."

The plaintiff has established that this provision of the Industrial Code is applicable to his accident (*see Armental v 401 Park Ave. S. Assoc., LLC*, 182 AD3d 405, 407 [1st Dept 2020]; *DeGabriel v Strong Place Realty, LLC*, 29 Misc 3d 908, 915 [Sup Ct, Kings County 2010]). Thus, the plaintiff is granted leave to supplement his bill of particulars so as to add an allegation that the Plaza defendants violated 12 NYCRR 23-2.1(a)(1).

To the extent that the plaintiff's complaint alleged that the Plaza defendants violated Labor Law § 240(2) and (3), the court notes that those provisions are not applicable to this case, and are, hence, summarily dismissed.

IV.    CONCLUSION

In light of the foregoing, it is,

ORDERED that the motion of the defendants third-party plaintiffs, Henry V. Murray Senior, LLC, and Plaza Construction, LLC, is granted to the extent that they are awarded summary judgment:

> (a) on the issue of liability on their third-party breach of contract and contractual indemnification causes of action against the third-party defendant, B&G Electrical Contractors of N.Y., Inc.,

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC                    Page 18 of 20**
**Motion No.  002**

[* 18]

(b) dismissing the common-law negligence and Labor Law § 200 cause of action insofar as asserted against Henry V. Murray Senior, LLC,

(c) dismissing so much of the common-law negligence and Labor Law § 200 cause of action insofar as asserted against Plaza Construction, LLC, as was based on allegations involving the means and methods of the plaintiff's work,

(d) dismissing the Labor Law §§ 240(2) and 240(3) causes of action insofar as asserted against Henry V. Murray Senior, LLC, and Plaza Construction, LLC, and

(e) dismissing the Labor Law § 241(6) cause of action insofar as asserted against Henry V. Murray Senior, LLC, and Plaza Construction, LLC, except to the extent that that cause of action is premised upon a violation of 12 NYCRR 23-2.1(a)(1),

the motion is otherwise denied, the common-law negligence and Labor Law § 200 cause of action is dismissed insofar as asserted against Henry V. Murray Senior, LLC, so much of the common-law negligence and Labor Law § 200 cause of action as was based on allegations involving the means and methods of the plaintiff's work is dismissed insofar as asserted against Plaza Construction, LLC, the Labor Law §§ 240(2) and 240(3) causes of action are dismissed insofar as asserted against Henry V. Murray Senior, LLC, and Plaza Construction, LLC, and the Labor Law § 241(6) cause of action is dismissed insofar as asserted against Henry V. Murray Senior, LLC, and Plaza Construction, LLC, except to the extent that that cause of action is premised upon a violation of 12 NYCRR 23-2.1(a)(1); and it is further,

ORDERED that the cross motion of the third-party defendant B&G Electrical Contractors of N.Y., Inc., is granted to the extent that it is awarded summary judgment dismissing the Labor Law §§ 240(2) and 240(3) causes of action, so much of the common-law negligence and Labor Law § 200 cause of action as was based on allegations involving the means and methods of the plaintiff's work, and the Labor Law § 241(6) cause of action, except to the extent that that cause of action is premised upon a violation of 12 NYCRR 23-2.1(a)(1); and it is further,

ORDERED that the plaintiff's separate cross motion is granted to the extent that he is granted leave to serve a supplemental bill of particulars adding an allegation that Henry V. Murray Senior, LLC, and Plaza Construction, LLC, violated 12 NYCRR 23-2.1(a)(1), and he is

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

**Page 19 of 20**

19 of 20

awarded summary judgment on the issue of liability on his Labor Law § 240(1) cause of action insofar as asserted against Henry V. Murray Senior, LLC, and Plaza Construction, LLC, and his separate cross motion is otherwise denied; and it is further,

ORDERED that the parties shall appear for an initial pretrial settlement conference before the court, in Room 204 of 71 Thomas Street, New York, New York 10013, on April 17, 2024, at 11:30 a.m., at which time they shall be prepared to discuss resolution of the action and the scheduling of a firm date for the commencement of jury selection.

This constitutes the Decision and Order of the court.

_____3/20/2024_____
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| MOTION: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION 1: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION 2: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155344/2018   VALLADARES, EDWIN vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  002**

Page 20 of 20